McNabb *v.* Lynn *et ux.*

(*Nashville,* December Term, 1936.)

Opinion filed January 16, 1937.

JESSE CANTRELL, of Watertown, and THOS. B. FINLEY, of Lebanon, for plaintiff in error.

E. A. LANGFORD and A. B. McKAY, both of Cookeville, for defendants in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Is a motion for a new trial necessary when the case is heard in the trial court on stipulated facts?

Following an automobile intersection cross-road collision, in which A. A. McNabb was fatally injured, his wife brought suit in Wilson county for damages against U. L. Lynn and his wife. The accident occurred in Wilson county and plaintiff resides in that county. The defendants reside in Putnam county. Summons issued and the declaration was filed December 9, 1935. The declaration showed that Mrs. Lynn was driving the car at the time of the collision, her husband sitting beside her. Defendant U. L. Lynn was served December 9, 1935, in Wilson county. A counterpart summons was served December 13th on Mrs. Lynn in Putnam county.

Thereupon, pleas in abatement were filed by both defendants, setting up that U. L. Lynn had been brought into Wilson county on a false charge of manslaughter, for the sole purpose of bringing him within the jurisdiction of the Wilson county court, and had been served

with process, pursuant to this plan, while in attendance on the magistrate court; that no proof was offered against him and the prosecution abandoned, after this purpose had been accomplished.

Plaintiff joined issues on these pleas, and the case was heard on this issue by the trial judge on a stipulation of facts, which is copied into the record. It is marked "filed" by the clerk, but it is not on the minutes, or attested by the trial judge, and the record contains no bill of exceptions.

The trial judge sustained the pleas, and quashed the writs, holding that the criminal warrant under which the defendant Lynn was brought into Wilson county and there served was not issued in good faith, but for the purpose of obtaining service on him in this civil action, giving application to the exception noted by Chief Justice GREEN in the opinion in *Anderson* v. *Atkins,* 161 Tenn., 137, 29 S. W. (2d), 248, 249, where it was held that the general rule of immunity from service of process while in attendance on court did not extend to criminal cases—"unless the prosecution is instituted in bad faith for the bare purpose of bringing such a party into the jurisdiction to be served with civil process."

Plaintiffs below appeal and insist that the stipulated facts on which the case was heard by the trial judge do not sustain his finding of bad faith.

Defendants in error raise certain preliminary questions: (1) That the record contains no bill of exceptions; (2) that the stipulation of facts has not otherwise been properly made a part of the record; (3) that it is not stated that the stipulation was all the evidence; and (4) that there was no motion for a new trial in the trial court.

Treating these questions in inverse order, we

are constrained to affirm the judgment on the ground that no motion for a new trial was made below. While in our earlier cases some confusion appears, this court has consistently followed for many years the rule on this question, applicable to appeals in error, stated by Mr. Justice Cook in *Board of Equalization* v. *Nashville, C. & St. L. Ry.*, 148 Tenn., 676, 681, 257 S. W., 91, 93, in the following language:

"Where the conclusion of the court of law is the result of a consideration of facts, and an application of the law thereto, a motion for new trial is necessary to authorize a review on appeal in error, whether the facts are presented to the trial court upon agreed facts, facts disclosed in documents exhibited with the pleadings, or facts presented to the court as exhibits to or made part of the return to a writ."

He refers to the opinion of Mr. Justice McKinney in *Nashville, C. & St. L. Ry. Co.* v. *Smith*, 147 Tenn., 453, 249 S. W., 377, wherein the question now before us was directly considered, and it was held that a motion for a new trial is necessary, notwithstanding the case is heard on a stipulation of facts. And see *Rogers* v. *Colville*, 145 Tenn., 650, 657, 238 S. W., 80, also directly in point. Insofar as expressions in the opinion in *Johnson* v. *Martin Furniture Co.*, 139 Tenn., 580, 202 S. W., 916, are in conflict with the rule herein restated and approved, that case is overruled. The rule is sustained by reason. Stipulations vary greatly in form and extent. While some are concise and simple, others are elaborate and complicated, and present various points of controversy. But the rule must be uniform, applying to all or none. It is obvious that the trial judge should not be put in error on review unless his attention has been called

by motion for a new trial to the particulars in which it is to be urged on appeal that he committed error.

It results that the assignments, which challenge the judgment of the trial court on the stipulated facts, cannot be considered, and the judgment must be affirmed. Discussion of other questions presented becomes unnecessary.

█ While the case must be disposed of on the ground stated, it may be further said that we have considered the case on its merits and do not find evidence lacking to sustain the judgment of the trial judge. It is difficult to conceive that any reasonable expectation could have existed that one who was not driving a car when an accidental collision occurred could be successfully prosecuted criminally for injuries resulting from the collision, unless under quite unusual circumstances not suggested in the declaration herein.