PUTNAM COUNTY BEER BOARD *v.* SPECK

(*Nashville*, December Term, 1946.)

Opinion filed May 3, 1947.

618

ELMER A. LANGFORD, of Cookeville, for plaintiff in error.

ARNOLD CAMERON and GEORGE B. HAILE, both of Cookeville, for defendant in error.

.MR. JUSTICE NEIL delivered the opinion of the Court.

The Putnam County Beer Board, acting upon a petition signed by many citizens, revoked the permit to sell beer which had been issued to Myrtle Speck, the defendant in error. She thereupon filed a petition in the Circuit Court, praying that writs of *certiorari* and *supersedeas* issue, to the end that a certified copy of the proceedings before the beer board be filed and that the action of said board be set aside, and for nothing held.

There was a hearing in the Circuit Court upon the record as filed. The trial judge was of opinion that the evidence did not warrant the revocation of petitioner's permit and entered a judgment accordingly. His judgment was based solely upon the certified record.

The beer board moved the Court for a new trial upon the ground "that it was error for the Circuit Court to hold that the evidence does not warrant the action taken by the beer committee in revoking the said beer permit." It was insisted that there was abundant evidence to support the finding of the beer committee. There were other grounds for a new trial based upon the sufficiency of the evidence which need not be considered.

The trial judge overruled the motion for a new trial and granted an appeal to this Court. We affirmed the judgment of the trial court, holding that the petition for *certiorari* to review the action of the beer board was pursuant of Code sections 9008-9018, which provided for a judicial review of actions of boards and commissions;

that the case was controlled by *Prosterman* v. *Tennessee State Board of Dental Examiners,* 168 Tenn. 16, 73 S. W. (2d) 687.

The plaintiff in error has filed its petition for a rehearing, complaining that the Court was in error in holding that the proceeding in the instant case was pursuant to Code sections above mentioned; that the petition for *certiorari* was not filed under said sections but under Chapter 53 of the Public Acts of 1943 which limits the remedy, in this and similar cases involving the revocation of beer permits, to a hearing under the common law writ of *certiorari* and not under the statutory writ as provided in Code sections 9008-9018.

Upon a careful examination of the statutes, we think the petition states a proper case for a rehearing.

In our original opinion we pointed out that neither in the trial court nor in this Court was the common law writ of *certiorari* mentioned by counsel and no error was assigned as to the jurisdiction of the trial court. Now in this situation, we felt constrained to follow *Prosterman* v. *Board, supra.* In that case the proceeding was authorized by the Code sections 9008-9018. Not so in the instant case.

██ In considering the questions raised in the petition to rehear, we think the mere silence of counsel as to the nature of the proceeding did not validate the judgment of the trial court because jurisdiction is never conferred either by silence or consent. The Code sections upon which our former opinion was rested apply to the right to a judicial review of actions by ''any board or commission functioning under the laws of this state . . . *where not otherwise specifically provided,*'' etc. (Italics ours.) Chapter 53, section 3, of the Public Acts of 1943, specifically provides for a review of the actions of Quar-

terly County Courts, or any board or committee created by such court, whose duty it is to issue and revoke beer permits, which is only by petition for *the common law writ of certiorari.* In said section it is provided as follows: "The action of such agency in the revocation of a license may be reviewed by petition for common law writ of *certiorari* addressed to the Circuit Court of the county in which such revocation occurred."

It is further provided:

"Said action shall be reviewed by the Circuit Court solely upon the transcript of the proceedings before the revoking agency, and neither party shall be entitled to introduce new evidence in the Circuit Court."

"The remedy provided by this Section shall be the only method of reviewing orders of quarterly courts, governing bodies of municipal corporations, boards or committees revoking licenses issued under this Act."

An examination of the original beer statutes authorizing the sale of beer, and subsequent amendatory acts regulating such sales, undoubtedly indicates a legislative policy that the various Quarterly County Courts, or such committees as may be clothed with the duty to issue or revoke beer permits, shall have a wide discretion in exercising their authority. *Cravens* v. *Storie, Mayor, etc.,* 175 Tenn. 285, 33 S. W. (2d) 609. This conclusion is justified by the fact that their acts are not subject to review except by petition for the common law writ of *certiorari.* The result is that, where a beer license is revoked by the proper authority, the courts will not "review their action unless it clearly appears that they have acted arbitrarily or illegally." *State ex rel. Cravens* v. *Delk,* 175 Tenn, 614, 617, 136 S .W. (2d) 524, 525.

All of our cases are to the effect that, where an aggrieved party seeks a review of the acts of an inferior

tribunal under the common law writ of *certiorari,* the only question for determination by the trial and reviewing courts is whether or not such administrative board acted fraudulently, illegally, or exceeded its jurisdiction.

It was held in *Conners* v. *City of Knoxville,* 136 Tenn. 428, 189 S. W. 870, that the effect of the writ is ''[to bring] up the entire record to determine whether there has been an absence or excess of jurisdiction, or a failure to proceed according to the essential requirements of the law.'' To the same effect see *Groomes* v. *City of Nashville,* 176 Tenn. 391, 395, 141 S. W. (2d) 899; *State. ex rel. Cravens* v. *Delk, supra,* and *Cravens et al.* v. *Storie, Mayor, etc., supra.* The rule is otherwise where the proceeding is by petition for the statutory writ of *certiorari* in lieu of an appeal as provided in Code section 8989. Of course, in a limited proceeding under the common law writ of *certiorari,* where the certified record shows that there was no evidence to warrant the action of the beer board or agency, it would be the duty of the trial judge to review it and set it aside on the ground that the board had acted illegally or fraudulently. On the contrary, if there is any material evidence to sustain the board's finding, its action should be affirmed, there being no other question involved.

In all cases of a limited review, as aforesaid, such boards or agencies are required to act in strict compliance with the law under which their authority is derived. If the power claimed for it is not conferred, it must be held not to exist, with the result that in such circumstances it exceeds its authority or jurisdiction. *Wright* v. *State,* 171 Tenn. 628, 637, 106 S. W. (2d) 866.

Now in the instant case, the learned trial judge found that the evidence did not justify the revocation of the beer permit by the board. We think he was in error

622

in reversing the board because there was some material evidence in the record to sustain its action. Moreover, we find nothing in the record to indicate that the beer committee acted arbitrarily, or did not proceed in accordance with the essential requirements of the law. Had the attention of the trial judge been called to the fact that the proceeding before him was for a review under Chapter 53 of the Acts of 1943 and not under Code sections 8989 or 9008-9018, he would have doubtless entertained a different opinion. The counsel was as silent in this court on the question of jurisdiction as in the trial court. But silence of counsel does not confer jurisdiction to try the case under the statutory writ of *certiorari.*

The petition for a rehearing is accordingly sustained, with the result that the judgment of the trial court is reversed and that of the Beer Board affirmed.

All Justices concur.