OWINGS *v.* WASSON, MAYOR, *et al.*

(*Knoxville*, September Term, 1948.)

Opinion filed April 30, 1949.

Eugene H. Tatum and Ellis K. Meacham, Asst. City Attys., both of Chattanooga, for plaintiffs in error.

Jess Hargraves and Malcolm McLean, both of Chattanooga, for defendant in error.

Mr. Justice Prewitt delivered the opinion of the Court.

This case involves the construction of Section 1191.14 of Williams' Code, as amended. The trial judge held that the proceeding was under Code sections 9008-9018 and not under the provisions of Code section 1191.14, as amended.

This proceeding was instituted by petitioner, Roy Owings, against defendants, the Mayor and Commissioners of the City of Chattanooga, and *ex officio* members of the Beer Board of said City, to compel the issuance of a beer permit to sell beer within the city limits of Chattanooga. The application of petitioner was denied by defendants, and he brought the case by *certiorari* to the criminal court of Hamilton County. As before stated, the trial judge held that Code Sections 9008-9018 applied and permitted proof to be introduced. Whereupon the trial judge sustained the petition for *certiorari,* but held up the issuance of the writ of *supersedeas* pending this appeal.

Defendants claim that under Code Section 1191.14, as amended, their action could only be reviewed by a common-law writ of *certiorari*, and that this writ applied to the issuance of a license as well as to the revocation thereof.

The minutes of the Board of Commissioners show that various organizations and persons protested the application of petitioner, on the ground that the sale of beer at the place in question would be injurious to morals and would cause traffic congestion as set out in the beer statute, and the application was denied. This is the only record we have before us, as the common-law writ of *certiorari* applies.

In *Putnam County Beer Board* v. *Speck*, 184 Tenn. 616, 620-621, 201 S. W. (2d) 991, 993, this Court said:

"An examination of the original beer. statutes authorizing the sale of beer, and subsequent amendatory acts regulating such sales, undoubtedly indicates a legislative policy that the various Quarterly County Courts, or such committees as may be clothed with the duty to issue or revoke beer permits, shall have a wide discretion in exercising their authority. *Cravens* v. *Storie, Mayor, etc.*, 175 Tenn. 285, 133 S. W. (2d) 609. This conclusion is justified by the fact that their acts are not subject to review except by petition for the common law writ of *certiorari*. The result is that, where a beer license is revoked by the proper authority, the courts will not 'review their action unless it clearly appears that they have acted arbitrarily or illegally.' *State ex rel. Cravens* v. *Delk*, 175 Tenn. 614, 617, 136 S. W. (2d) 524, 525.

"All of our cases are to the effect that, where an aggrieved party seeks a review of the acts of an inferior tribunal under the common law writ of *certiorari*, the only

question for determination by the trial and reviewing courts is whether or not such administrative board acted fraudulently, illegally, or exceeded its jurisdiction.''

▮ Code Section 1191.14, as amended, deals with the sale of beer not only in counties proper, but in municipalities also. We do not think the Legislature intended to prescribe the common-law writ of *certiorari* as an exclusive remedy for revocation, and yet provide a broader writ of *certiorari* for the issuance of beer permits as contemplated in Code Sections 9008-9018. All of our cases contemplate that beer permits issued either by the quarterly county courts, or committees appointed by such courts, or municipalities, or investigating boards, shall not have their actions reviewed by a *de novo* hearing in the circuit or chancery courts of the State. Should we treat the petition for *certiorari* filed by petitioner as one seeking a review under the common-law writ of *certiorari*, he would not even then be entitled to the relief sought under record before us, as the minutes of the Board of Commissioners show that the application was declined on account of a prospective traffic congestion and being injurious to the morals of the community.

▮ The matters argued by counsel for petitioner at the bar involve the testimony of witnesses introduced by him on the hearing before the trial judge. As before stated, this evidence cannot be considered under the common-law writ of *certiorari*, and if similar evidence was presented before the Board of Commissioners, it does not appear in this record.

We think the trial judge was in error in sustaining the *certiorari* and permitting evidence to be introduced before him. Therefore, the judgment of the lower court is reversed and the *supersedeas* discharged.

All concur.