CHEEK *et al. v.* MARSHALL COUNTY QUARTERLY COURT *et al.*

(*Nashville,* December Term, 1949.)

Opinion filed March 17, 1950.

Rehearing denied April 29, 1950.

G. E. WHITE, of Lewisburg, for plaintiffs in error.

THURMAN THOMPSON, of Lewisburg, for defendants in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

After a hearing of evidence pursuant to notice given, the Marshall County Beer Board, being its Quarterly Court, revoked Cheek's permit to sell beer. Cheek and his partner, Collins, filed petition for certiorari in the Circuit Court and this action of the Board was reviewed by that Court upon the transcript of the proceedings before the Beer Board in accordance with the requirements of the statute carried in Williams' Supplement to the Code at Section 1191.14. The Court sustained the action of the Beer Board and dismissed the petition for certiorari. Cheek and Collins have appealed in error without making a motion for a new trial.

The conclusion reached by the trial court was based upon the facts and testimony contained in the transcript of the proceedings before the Beer Board. Moreover,

consideration of the merits of each insistence made here by the fourteen assignments of error requires an examination of the facts and testimony reflected by that transcript. This being the situation, defendant in error, Marshall County Beer Board, insists that the judgment of the lower Court must be affirmed without a consideration of the merits of the various assignments of error because of the failure, probably inadvertent, to make a motion for a new trial.

This question was considered and determined in *Board of Equalization* v. *Nashville, C. & St. L. Ry.*, 148 Tenn. 676, 257 S. W. 91. There the Circuit Court was called upon by certiorari to review the transcript of the proceedings before the Board of Equalization. An appeal from the judgment of the Circuit Court was had without a motion for a new trial. For that reason, the appellee moved to dismiss the appeal and affirm the lower Court. This Court in sustaining the motion held:

"Where the conclusion of the court of law is the result of a consideration of facts, and an application of the law thereto, a motion for new trial is necessary to authorize a review on appeal in error, whether the facts are presented to the trial court upon agreed facts, facts disclosed in documents exhibited with the pleadings, or facts presented to the court as exhibits to *or made part of the return to a writ.*" 148 Tenn. at page 681, 257 S. W. at page 93: Emphasis ours. See also *McNabb* v. *Lynn,* 171 Tenn. 8, 100 S. W. (2d) 3.

The holding in those cases is conclusive here and makes it necessary for this Court to affirm the judgment of the Circuit Court, and adjudge the costs against plaintiffs in error, Cheek and Collins.

All concur.