STATE *ex rel.* CAYLOR *v.* MILLER.

CAYLOR *v.* BUTLER *et al.*

(*Knoxville*, September Term, 1953.)

Opinion filed December 11, 1953.

THAD D. SMITH, of Gatlinburg, for appellant.

GEORGE G. ALLEN, of Sevierville, for appellees.

MR. JUSTICE GAILOR delivered the opinion of the Court.

These two appeals present questions which are so dovetailed and interlocked that the Court finds it desirable and necessary to pronounce one opinion to cover both appeals. It is noted that the Circuit Judge who heard the law case was also the Special Chancellor who heard the case in equity.

*State ex rel. Caylor* v. *Ray Miller, County Court Clerk,* is a mandamus proceeding filed by Caylor, who alleges

that he holds a good and valid permit to sell beer in Sevier County; that he demanded of the respondent as County Court Clerk that he issue a renewal license, and that the Clerk refused to issue said renewal, wherefore relator seeks a mandamus to have the Clerk issue said renewal license.

For answer, the Clerk admitted that the relator had demanded of him the issuance of a renewal of the privilege license to sell beer in Sevier County, and further admitted that he, as Clerk, had refused to issue said license. In substance, he alleged that the right to have such a license issued was restricted to those who at the time of the demand for the issuance of such license had a good and valid permit from the Beer Committee of Sevier County to sell beer. He denied that the relator had at the time of the demand made upon him such good and valid permit, and alleged that the permit which relator had received from the Sevier County Beer Commission on March 17, 1947, was a permit to sell beer only for a year, as was specifically provided in the photostatic copy of such permit which had been made an exhibit to the original bill, and provided:

"This is to certify that we hereby grant a permit to retail beer to George H. Caylor for a period of one year from March 22, 1947, at 5:00 o'clock p. m."

After making other allegations in the answer, which will be considered in the companion case, the Clerk denied that relator was entitled to a writ of mandamus, and denied that he had wrongfully withheld from the relator a privilege license.

The case was tried upon the bill, answer, and briefs filed by the parties. The Court took the case under advisement, and before he announced a decision, the beer permit of Caylor was revoked by the Beer Commission

of Sevier County, as will appear from the companion case, and thereafter, on application of the respondent, the Court permitted an amendment of the answer to show that the permit had been revoked by the Beer Commission, and that, therefore, ''the Court is of the opinion that the issues are now moot.'' After the announcement of this opinion of the Court, there followed a somewhat lengthy discussion of all matters involved between the Court and counsel, in the course of which the Court said that if either side wishes to introduce proof, that he would not enter a final order finding the issues moot, but would give an opportunity for the introduction of such proof.

No further evidence being tendered by either party, a final decree was entered, in substance, as follows: That while the Court had the case under advisement, the beer permit of the relator was revoked by the Beer Commission; that the Court permitted the reopening of the cause for the amendment, showing that the permit had been revoked by the Beer Commission, and that, therefore, the Court is of the opinion that the issues are now moot. But going further, ''and if the Court should be wrong in its adjudication that the issues are now moot, the Court finds that the beer permit was issued for one year, beginning March 17, 1947, and ending March 17, 1948''; that the Clerk was justified in refusing to issue a license, and that therefore the writ of mandamus would not issue, and, accordingly, ordered, adjudged and decreed that the bill be, and the same was dismissed at the cost of the relator, who was permitted an appeal.

As stated, the case of *Caylor* v. *Shirley W. Butler and the Sevier County Beer Commission* presents the appeal of Caylor from the action of the Circuit Judge in denying the writ of certiorari to review the action of the Beer

Commission in revoking Caylor's permit to sell beer. The case was heard in Circuit Court on the record made before the Beer Commission, and argument of counsel for the respective parties. After which the Court denied the writ, overruled motion for new trial, and permitted this appeal.

From what has been said, it is clear that if the Beer Commission of Sevier County was justified in revoking the permit of Caylor to sell beer, that the County Court Clerk, after such revocation, if not before, was justified in refusing to sell Caylor a license to sell beer, since such sale is not authorized by any valid permit of the Beer Board.

We will, therefore, consider the assignments of error made to support the appeal of Caylor from the action of the Circuit Judge denying the writ of certiorari.

The first assignment of error is that the Circuit Judge erred in not sustaining a plea in abatement which Caylor filed to the jurisdiction of the Beer Board on account of the prejudice of the members of said Board and their consequent incompetence to pass judgment on the question of revoking Caylor's permit to sell beer. We find no merit in this assignment. When the plea in abatement was filed and heard before the Beer Commission, no evidence whatever was introduced showing the prejudice of any member of the Commission, except that it was proved and the Chairman admitted that he disapproved of beer and the sale of beer, but the Chairman, and all the other members of the Commission, stated that they would pass on the petition "according to the law and the evidence," and without regard to their own personal appetites and convictions.

The question here is whether, on a consideration of the full proceedings before the Beer Commission, it appears

that they lived up to that promise, and did pass fairly and without prejudice to Caylor, on the petition for revocation. The plaintiff in error makes no specification of any such prejudice, and the Court finds none. A number of witnesses were heard by the Commission for both sides of the controversy. The Commission took the matter under advisement and later filed a formal decision, in which they discussed the evidence, and gave reasons for the revocation of the license. The assignment of error is accordingly overruled.

█ The other assignments of error assail the sufficiency of the evidence to support the revocation. Since no charge is made that the hearing was arbitrary and unlawful except as noted in our discussion of the first assignment, judicial review of the evidence before the Commission is limited to the question whether there was substantial evidence to support the finding, and we will not consider whether or not the finding of the Commission was supported by a preponderance of the evidence. *Putnam County Beer Board* v. *Speck,* 184 Tenn. 616, 201 S. W. (2d) 991.

The Beer Commission revoked the license because (1) the defendant had employed people who had been convicted for a violation of the beer law, and (2) because the continuance of the business as and where it was being conducted, was detrimental to the public health, morals, and safety. As to the first charge, the petition before the Beer Board alleged that Victor Marshall, the father-in-law of Caylor, was the real owner of the place of business, and actually operated it in the absence of Caylor. Proof of a Deputy Sheriff was introduced showing that Marshall had been in charge of the place, apparently working there, and that he had requested the law officers to stay away from his place. As an exhibit to testimony of Shirley Butler before the Beer Commission, there is

the certified copy of an order of the Criminal Court of Sevier County by which Victor Marshall pleaded guilty to the charge of unlawfully selling beer without license or permit, and paid a fine of $150. This was material evidence to support the action of the Beer Commission on the first charge for revocation.

The following testimony of a Deputy Sheriff before the Beer Commission furnished substantial, material evidence to support both grounds of revocation:

"Q Were you in or near the place where beer was being sold in Vic Marshall's building up near Pigeon Forge? A. Yes.

"Q. You were up there several times? A. I was.

"Q. Ask you if at any time you found drunks in the place of business? A. Yes.

"Q. How many times did you arrest and find drunks in and around that building up there? A. Many times. Sometimes maybe three or four times in a run of a night.

"Q. Were you present when Mr. Marshall came out and asked you and your brother not to hang around there? A. Yes.

"Q. What did he say? A. He said, it was hurting our business.

"Q. Were you ever there and see him waiting on the trade? A. Yes.

"Q. See him sell and receive the money for it? A. Yes.

"Q. Was the man who had the permit present? A. I guess he was sometimes.

"Q. They were all working in there? A. I seen him set it out on the counter and put the money in the cash register after he received it.

"Q. As that place was operated was it detri-

mental to the public health, safety and morals of the community around there? A. I would say it was.

"Q. What kind of folks visited around there? A. Ordinarily it was people who followed drinking.

"Q. Did you ever have any calls to come up there? A. I have.

"Q. Do you know who you were called by? A. No.

"Q. You went as a result of telephone message? A. Yes.

"Q. Did you see law violations there when you went? A. Yes.

"Q. That is on the main travelled highway of this county? A. Yes."

Other witnesses introduced before the Commission testified that as the place was conducted it was detrimental to the morals, safety, and health of the community.

 Since, therefore, there was material, substantial evidence to support the two specifications on which the Commission revoked the beer license, we hold that the Beer Commission was justified in revoking the license, and that the individual members of the Commission showed no bias or prejudice against the defendant in so doing.

 After the permit to sell beer was formally and validly revoked by the Beer Commission, clearly the Clerk is justified in refusing to issue a license to sell beer. Issuance of a writ of mandamus to compel the Clerk to issue a license would be improper and unlawful.

It results that the decree in the Chancery Court is affirmed, and the judgment at law is also affirmed at the cost of the appellant and plaintiff in error.