B. A. SHELTON et al., Members of the Davidson County
Beer Board, Plaintiffs in Error,

*v.*

MRS. CHARLES MOONEYHAN, Defendant in Error.

(*Nashville,* December Term, 1958.)

Opinion filed January 23, 1959.

SHELTON LUTON, GEORGE H. CATE, JR., Nashville, for plaintiffs in error.

ELMER D. DAVIES, JR. (of BAILEY, EWING, DAVIES & BAILEY), Nashville, for defendant in error.

Mr. Justice Swepston delivered the opinion of the Court.

█ The Beer Board of Davidson County, after due notice and a hearing, ordered the defendant in error either to surrender her beer permit for a second location or to face revocation of other beer permits held by her for other locations not in question in these proceedings. Upon application made by Mrs. Mooneyhan she was permitted to surrender her permit under protest. In view of such a quasi "Hobson's choice", it is, therefore, plain that said permit was revoked by the Board.

The grounds upon which the revocation was predicated are (1) that the location at which the petitioner was exercising her rights under said permit is too close to a church and (2) the failure of the petitioner to use her said permit for a period of approximately 6 years before attempting to resume the use of same, during which interval of non-use a church or mission became located within the prohibited distance.

The matter was brought to the Circuit Court by way of common law certiorari provided for by T.C.A. sec. 57-209, where the action of said Beer Committee was declared void and of no effect and the cause was remanded to said Committee with instructions to return said permit to the defendant in error. The Beer Board, as permitted by the statute, supra, has appealed to this Court.

There was actually no dispute about the facts in the evidence before the Board and said facts appear in the petition for certiorari filed in the Circuit Court and in the answer and return thereto by the Davidson County Beer Board, to which is attached a complete transcript of the proceedings pertaining to the hearing and judgment rendered by the Board. The transcript of the record before the Board is certified by the County Court Clerk; the hearing before the Circuit Judge on the petition for common law certiorari was, as required by common law certiorari and by the express terms of the proceedings before the Board without the right of either party to introduce any new evidence in the Circuit Court; the appeal from the Circuit Court to this Court is likewise upon the transcript of the records from the Circuit Court which is certified by the Clerk of the Circuit Court.

In behalf of Mrs. Mooneyhan there is filed a motion to dismiss predicated on the following grounds: (1) for failure of appellants to file and secure the action of the trial judge on a motion for a new trial, upon such grounds as if overruled, would be the assignments of error in the Supreme Court; (2) for failure of the appellants to prepare and file a bill of exceptions; (3) for failure of the appellants to secure an order of the trial judge directing that the original transcript before the Committee should be sent up to the Supreme Court as a part of the record and showing affirmatively that such transcript contained all the evidence heard in the Circuit Court; (4) for failure of the appellants to have the record identified by the trial judge in any manner whatsoever.

■ The motion to dismiss for failure to file a motion for a new trial must be sustained on the authority of *Cheek v. Marshall County Quarterly Court,* 190 Tenn. 307, 229 S.W.2d 349, 350, and cases cited therein. The instant case is likewise one "where the conclusion of the court of law is the result of a consideration of facts, and an application of the law thereto, a motion for new trial is necessary to authorize a review on appeal in error, whether the facts are presented to the trial court upon agreed facts, facts disclosed in documents exhibited with the pleadings, or facts presented to the court as exhibits to or made a part of the return to a writ." Gilreaths Caruthers History of a Lawsuit, Sec. 433.

*Gatlinburg Beer Reg. Committee v. Ogle,* 185 Tenn. 482, 206 S.W.2d 891, is not in conflict with the foregoing, because the only insistence there was that the regulation of the Beer Board was beyond its authority—presenting only a question of law but no necessity for a review of the facts.

This distinction between the review of an alleged error of fact and one of law is rather clearly made in *Motors Ins. Corp. v. Lipford,* 194 Tenn. 216, 250 S.W.2d 79.

■ Counsel for the Board, in support of its insistence that a motion for new trial is not necessary, relies upon T.C.A. secs. 27-303, 304 relating to appeals in non-jury cases. That part of the statute, originating with the Code Supplement of 1950, provides in non-jury cases that the review shall be upon simple appeal, irrespective of whether the trial was according to the forms of equity or of law, that no motion for a new trial shall be necessary, etc., and that on appeal the hearing shall be *de novo* upon the record of the trial court, accompanied by a

presumption of correctness of the judgment or decree of the trial court, unless the *preponderance of the evidence is otherwise.*

In thus assimilating all non-jury appeals to a simple appeal in equity bringing up the entire matter of law and fact for review *de novo,* it perforce cannot embrace the limited review in the present case, because the only question for determination in the instant case, either by the trial or the appellate court, is whether or not such administrative board acted fraudulently, illegally or exceeded its jurisdiction. *Putnam County Beer Board v. Speck,* 184 Tenn. 616, 621, 201 S.W.2d 991.

The foregoing is sufficient to dispose of this appeal but with a view to clarifying the practice with reference to the necessity for a bill of exceptions, we feel that the following comment might be useful.

■ Counsel for Mrs. Mooneyhan, in support of both aspects of the motion, that is, the necessity for a motion for new trial and for a bill of exceptions, cited *Hoover Motor Express v. R. & Pub. U. Com.,* 193 Tenn. 284, 246 S.W.2d 15, and *Roberts v. Knoxville Transit Lines,* 36 Tenn.App. 595, 259 S.W.2d 883. We have already disposed of the question of the necessity for a motion for new trial. We think that these cases are not applicable, however, on the question of the necessity for a bill of exceptions. They were hearings under the statutory proceedings for review of boards and commissions, T.C.A. sec. 27-901 et seq. which permits either party to introduce additional evidence upon the hearing in the Circuit or the Chancery Court as the case may be. While the Roberts case, supra, holds that T.C.A. sec. 27-911 (9014 of the 1932 Code) makes the evidence heard by the com-

mission a part of the technical record before the trial judge, yet the only way the appellate court can know whether additional evidence was introduced in the trial court is by the customary bill of exceptions with proper certificate that "this is all of the evidence", or in lieu thereof a certification, under the order of the trial judge, by the clerk of that court of the original transcript of the proceedings before the board or commission, within the purview of said statute, which must show affirmatively that such transcript contains all of the evidence heard in the trial court, as was done in the Roberts case. Such is not the situation, however, when proceeding under the beer statute T.C.A. sec. 57-209, as we have heretofore shown. No additional evidence is permitted to be heard by the Circuit Court under the express terms of the beer statute and when the transcript of the record is properly certified by the Clerk of the County Court and then the Clerk of the Circuit Court, the same constitutes an adequate bill of exceptions and becomes a part of the technical record without the necessity for any further identification and order by the circuit judge.

Again, obviously and it has been expressly so held that the writ of certiorari provided by this statutory review T.C.A. sec. 27-901 et seq. has no application to T.C.A. secs. 57-205, 207, 209 of the beer statute. *Putnam County Beer Board v. Speck,* 184 Tenn. 616, 201 S.W.2d 991; *Owings v. Wasson,* 188 Tenn. 416, 219 S.W.2d 908.

The motion to dismiss on the ground that no motion for new trial was made is accordingly allowed and said appeal is dismissed.