HONORABLE D. L. LANSDEN et al., Composing the Civil
Service Commission of the City of Nashville

*v.*

JAMES H. TUCKER, JR.

(*Nashville,* December Term, 1958.)

Opinion filed January 27, 1959.

D. L. Lansden, Ben Roskin, Nashville, for plaintiff in error.

Dan Garfinkle, Z. T. Osborn, Jr., Nashville, for defendant in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

The Civil Service Commission of Nashville, after a hearing, found City Policeman James H. Tucker, Jr., guilty of the written charges upon which he was tried, and dismissed him from the service. Writ of *certiorari* issued at the behest of Tucker to bring the proceedings before the Civil Service Commission to the Circuit Court of Davidson County.

After the return of the Commission to the writ, Tucker moved for an order upon the Commission to reinstate him to his position as a City Policeman, and to direct the payment of the salary to which he was otherwise entitled during the period of suspension, and dismissal, the motion being based upon the assertion that the Commission had failed and refused ''to certify to this Honorable Court a full, true and complete record and transcript of the proceedings had before them as the Civil Service Commission of the City of Nashville, in disregard of that *Writ of Certiorari* heretofore issued and served upon the defendants''.

The Court adjudged that the Commission had failed to certify a complete transcript of the proceedings before it, but allowed the defendant twenty days in which to furnish such transcript. Then, the order after reciting that the Commission "may now be unable to do so due to the passage of time" further ordered that Tucker be reinstated to his position and paid the salary to which he had been deprived by reason of the charges and proceedings. The Commission appealed and assigned this action of the Court as error.

Argument on the appeal was had at this session of the Court, briefs having been previously filed. The appeal is now disposed of at the same session in compliance with the declared policy of the Legislature that suits of this character should "be heard and determined at the earliest practical date, as one having precedence over other litigation". Section 27-911, T.C.A.

■ This proceedings is governed by Section 27-914, T.C.A., providing as follows:

"Proceedings involving public employees.—No court of record of this state shall entertain any proceeding involving the civil service status of a county or municipal employee when such proceeding is in the nature of an appeal from a ruling of a city or county official or board which affects the employment status of a county or city employee, except such proceeding be one of common law *certiorari*. Any such proceeding shall be heard by a judge or chancellor without the intervention of a jury. This section shall supersede and displace provisions of city charters to the contrary."

It was so considered in *State ex rel. Paylor v. City of Knoxville*, 195 Tenn. 318, 259 S.W.2d 537.

While the allegations of the petition for *certiorari* might have been more specific, we think that this petition sufficiently shows on its face that it was contemplated that the proceeding be one of common law *certiorari*. That petition alleges, for instance, that "there was no testimony offered that the accused was guilty of any of the charges and the testimony failed in every particular", and that the action of the Commission "is not warranted by the law and facts".

The petition and brief in support thereof seem to concede, as it should, that the return to the writ is in sufficient detail as to all the proceedings had before the Commission with the exception, so it is insisted, that the return does not contain a sufficient transcript of the evidence heard by the Commission.

█ Since this is a proceeding in accordance with the rule of the common law *writ of certiorari*, it follows that the Circuit Court "may review the evidence solely for the purpose, and to the extent, of determining whether any of it that is material supports the action of the" Commission. "If the record contains such supporting evidence" in the opinion of the Circuit Court, then "the Circuit Court may not disturb the" Commission's action. *Evers v. Hollman,* 196 Tenn. 364, 372, 268 S.W.2d 97, 101.

█ Consistent with the charges made against Tucker, the Commission found that he and Patrolman Leftwich, his partner on their assigned beat,

"had been instructed to call into Police Headquarters every hour during their tenure of service; that at approximately 2:00 o'clock A.M. on December 4, 1957, Inspector Oly T. Boner and Sergeant J. W. Irvin while

cruising west on Broad Street noticed Patrolman First Class Shirley Leftwich, Jr., and James H. Tucker, Jr., going north on 16th Avenue, North, in Patrolman Tucker's private automobile, with their caps off and with a woman sitting in the front seat of the car between them; that Patrolman Leftwich and Tucker stated that no one had given them permission to leave their assigned area but that they were going to a place called the Jet Burger to get coffee and something to eat and were taking the girl who lived in the project near 17th Avenue, North and Charlotte Avenue home. These officers had been instructed and it was in the rules and regulations that they were not to leave their assigned beat or territory without instructions from a superior officer, or in the case of emergency.''

The return does not contain a stenographic report of the evidence. It does contain what it calls a ''summary of testimony of witnesses in the case of'' Tucker. The summary recites the names of the witnesses and that about which they testified. Included there in is a summary of the testimony of Inspector Oly Boner. It is as follows:

''Statement was made that during hours of both men on duty (7:00 o'clock P.M., December 3, 1957 to 3:00 o'clock A.M., December 4, 1957) he and Sergeant J. W. Irwin, at approximately 2:00 o'clock A.M., December 4, 1957, while cruising in Broad Street at 16th Avenue, North, saw Leftwich and Tucker, with their uniform caps removed and with a woman in the seat with them, going north on 16th Avenue in Patrolman Tucker's private car; that they were out of their assigned area, without permission; that they found an empty half

pint whiskey bottle in the car. He stated that he did not smell liquor on any of their breath. Both men refused to sign a statement. (Garfinkle commented on the cold night.)''

It is the opinion of this Court that the foregoing quoted summary of the testimony of Inspector Boner made it the duty of the Circuit Judge to consider that testimony and therefrom determine whether the Commission acted arbitrarily, illegally, or without material supporting evidence in discharging Policeman Tucker. It follows, therefore, that the Trial Court erred in holding that the transcript of the evidence was not sufficient to invoke his consideration and determination of the effect of this evidence under the common law *writ of certiorari.*

There follows then the question of what this Court should do in disposing of this appeal, it appearing that the Court of original jurisdiction has erroneously failed to give any consideration as to what is the effect of the evidence made a part of the return. That it is the Circuit Court's duty to do so is made clear by the holding in *Board of Equalization v. Nashville, C. & St. L. Ry.,* 148 Tenn. 676, 678-679, 257 S.W. 91, 92, wherein it was held that the evidence presented in the return ''were facts without regard to how presented, and the trial judge was called upon to apply to them deliberative tests, and thereby reach a conclusion'' since ''the conclusion of the trial court is (was) a deduction from facts embodied in the record of the evidence and proceedings of the Board''. See also *Cheek v. Marshall County Court,* 190 Tenn. 307, 309, 309, 229 S.W.2d 349.

The function of this, an Appellate Court, within the premises, is to review the conclusion reached by the Court

of original jurisdiction, so to speak, the Circuit Court, as to the effect of the aforementioned evidence presented in the return.

Since the Court of original jurisdiction reached no conclusion as to the effect of the evidence the question is whether its order superseding the order of the Commission, etc., should be reversed and the cause remanded for further proceedings, or, on the other hand, the judgment of the Court should be affirmed because of the failure of the plaintiff-in-error to move for a new trial.

The motion sustained by the Court, and upon which final judgment was entered, was based on the ground that the return to the writ was insufficient. This, it seems to the Court, is equivalent to a demurrer on the ground of an insufficient return. That being true, and the Commission having duly excepted thereto, and an appeal allowed thereon, it is the opinion of the Court that a motion for a new trial was unnecessary in that the error complained of was called specifically to the Court by the exception to the order which had the effect of a final judgment.

Reversed and remanded for further proceedings in accordance herewith, with costs assessed against defendant-in-error.