343 S.W.2d 869 (1960)
CITY OF MEMPHIS et al.
v.
SHERWOOD BUILDING CORPORATION et al.
Supreme Court of Tennessee.
January 19, 1961.
Rehearding Denied March 10, 1961.
*870 Frank B. Gianotti, Jr., E. Brady Bartusch, Memphis, for petitioners.
Laughlin, Watson & Creson, Thomas C. Farnsworth, Burch, Porter, Johnson & Brown, Memphis, for respondents.
PER CURIAM.
The Board of Commissioners for the City of Memphis re-zoned from commercial to residential uses the whole of the 14.9 acre tract described in the pleadings. The owners of the Easternmost 6.2 acres thereof filed in Chancery a petition for common law writ of certiorari wherein it was alleged that the action of the City Commission in purporting to re-zone from commercial to residential use the 6.2 acres in question is, as to that property, confiscatory; hence, in violation of their rights under the State and Federal Constitutions.
Being before him on petition for the common law writ of certiorari, (as necessarily it had to be, Brooks v. City of Memphis, 192 Tenn. 371, 241 S.W.2d 432) the Chancellor could look only to the volume of evidence introduced before the City Commission, and upon which the Commission based its action. Hoover Motor Express Company, Inc. et al. v. Railroad and Public Utilities Commission et al., 195 Tenn. 593, 605, 261 S.W.2d 233. That evidence was necessarily made a part of the return of the Board to the writ of certiorari directed to it. Putnam County Beer Board v. Speck, 184 Tenn. 616, 621, 201 S.W.2d 991.
After a careful review and consideration of that evidence, the Chancellor decreed that under the facts reflected thereby the action of the Board as to the 6.2 acres in question violated the constitutional rights of its owners, being a confiscation of their property; hence, that the action of the City Commission was arbitrary and beyond its jurisdiction.
Following the appeal of the City of Memphis to the Court of Appeals, Western Division, the owners of the 6.2 acres moved for a dismissal of that appeal because of the failure of appellants to file and secure the action of the trial judge on a motion for a new trial, upon such grounds as if overruled, would be the assignments of error in the Appellate Court. The Court of Appeals sustained that motion, and dismissed the appeal. In so doing, it said that it felt bound by the decision of this Court in Shelton v. Mooneyham, 205 Tenn. 425, 326 S.W.2d 825, 826. It further said in its opinion, however, that it regarded Shelton v. Mooneyhan, supra, as being
"an unfortunate decision, which should be overruled; but this Court is without authority to overrule it".
The opinion stated that, as the Court of Appeals viewed it, Shelton v. Mooneyham, supra, should have been controlled by Sections 27-303, 27-304, T.C.A., wherein it is provided that all cases tried in a court of equity or a court of law without the intervention of a jury should be reviewed upon *871 simple appeal, "and no motion for a new trial shall be necessary".
The City of Memphis by its petition for certiorari addressed to this Court seeks to have reversed the action of the Court of Appeals in dismissing its appeal.
Shelton v. Mooneyhan, supra, likewise was a proceedings under the common law writ of certiorari. In that case this Court said that "the motion to dismiss for failure to file a motion for a new trial must be sustained on the authority of Cheek v. Marshall County Quarterly Court, 190 Tenn. 307, 229 S.W.2d 349, 350, and cases cited therein".
Cheek v. Marshall County Court, supra, 190 Tenn. 309, 229 S.W.2d 349, 350, being a proceedings under the common law writ of certiorari, quoted from Board of Equalization v. Nashville, C. & St. L. Ry., 148 Tenn. 676, 257 S.W. 91, 93, viz.:
"`Where the conclusion of the court of law is the result of a consideration of facts, and an application of the law thereto, a motion for new trial is necessary to authorize a review on appeal in error, whether the facts are presented to the trial court upon agreed facts, facts disclosed in documents exhibited with the pleadings, or facts presented to the court as exhibits to or made part of the return of a writ.'"
McNabb v. Lynn and wife, 171 Tenn. 8, 11, 100 S.W.2d 3, 4, takes note of the fact that this Court has "consistently followed for many years the rule on this question", as above quoted.
Shelton v. Mooneyhan, supra, was likewise a case "where the conclusion of the court of law is the result of a consideration of facts * * * presented to the court as exhibits to or made a part of the return of the writ". This is recited and reflected upon the face of the opinion.
It would seem, therefore, that if this Court had any regard for precedent the Mooneyhan decision was required on the authority of Cheek v. Marshall County, and the cases preceding it, to dismiss the appeal for failure to file a motion for a new trial.
The Court of Appeals, however, in its criticism of Shelton v. Mooneyhan, says that Cheek v. Marshall County was decided prior to the enactment of Sections 27-303, 27-304, T.C.A., wherein it is provided that no motion for a new trial is necessary as a prerequisite for appeal in the character of cases to which those code sections refer, but that Shelton v. Mooneyhan arose after those code sections became a part of the Supplement to the 1950 code; hence, that Shelton v. Mooneyhan should have applied those code sections, and thereby adjudged no motion for a new trial to have been a prerequisite to an appeal.
Attention is called to the fact that sections 27-303, 27-304, T.C.A. provide that in the character of cases embraced within those code sections "the hearing of any issue of fact or of law in the appellate court shall be de novo upon the record of the trial court * * *". But proceedings under the common law writ of certiorari are limited in the courts to the question of "whether or not such administrative board acted fraudulently, illegally or exceeded its jurisdiction". And, if, upon an examination of the evidence before the Board, the Courts find that "there is any material evidence to sustain the board's finding, its action should be affirmed". Putnam County Beer Board v. Speck, supra, 184 Tenn. at page 621, 201 S.W.2d at page 993.
Necessarily, therefore, Sections 27-303, 27-304, T.C.A. providing for a hearing de novo did not embrace proceedings under the common law writ of certiorari where the sole question with which the Court is allowed to concern itself is whether there was material evidence before the Board to sustain its findings. As a matter of fact, if Sections 27-303, 27-304, T.C.A. had reflected an intention to include within its provisions proceedings under the common law writ of certiorari, it would to that *872 extent have been unconstitutional in that it would have authorized the judicial branch of the government to encroach upon the legislative branch as to a matter which is solely legislative. Hoover Motor Express Co. v. Railroad and Public Utilities, supra, 195 Tenn. 601, 602, 261 S.W.2d 233, settled that question conclusively.
The Court of Appeals in the instant case must have overlooked the fact that Shelton v. Mooneyhan, the decision at which it levels it criticism, expressly notices Sections 27-303, 27-304, T.C.A. relating to appeals in nonjury cases, and the time of the enactment of these code sections, then says this [205 Tenn. 425, 326 S.W.2d 837]:
"In thus assimilating all non-jury appeals to a simple appeal in equity bringing up the entire matter of law and fact for review de novo, it perforce cannot embrace the limited review in the present case, because the only question for determination in the instant case, either by the trial or the appellate court, is whether or not such administrative board acted fraudulently, illegally or exceeded its jurisdiction". Citing Putnam County Beer Board v. Speck, supra.
But whether or not the Court of Appeals overlooked the foregoing quotation from Shelton v. Mooneyhan, the fact remains that Shelton v. Mooneyhan was correctly decided, and the criticism leveled at it in the instant case by the Court of Appeals is not well taken.
In the instant case, as in Shelton v. Mooneyhan, the Chancellor was compelled to consider from the evidence before the City Commission, and made a part of its return to the writ, whether the act of the City Commission in the re-zoning of the 6.2 acres in question amounted to a confiscation of that property; hence, unauthorized, and beyond its jurisdiction. And the opinion of the Chancellor shows that he did consider in detail that evidence.
Such being the situation, under the authority of Shelton v. Mooneyhan, supra, and Cheek v. Marshall County Quarterly Court and the cases preceding these, it was necessary for the City of Memphis to make a motion for a new trial as a prerequisite to a consideration of its appeal. It having failed to do this, its appeal was properly dismissed.
The brief submitted in behalf of the City of Memphis mentions several decisions in support of its petition here for certiorari. No one of those cases necessitated a consideration by the Court of the evidence submitted to the Board and made a part of the return to the writ.
The petition for certiorari is denied.