GRACE RHEM, Petitioner, v. CIVIL SERVICE COMMISSION OF THE CITY OF MEMPHIS and ROBERT N. LLOYD, JAMES B. WILDER, MILTON BOWERS, SR., Respondents. —350 S. W. (2d) 292.

Western Section, at Jackson. May 26, 1961.

Certiorari Denied by Supreme Court September 6, 1961.

Earl P. Davis and Henry M. Beaty, Jr., Memphis, Davis & Davis, and Gillespie & Beaty, Memphis, of counsel, for appellant.

Frank B. Gianotti, Jr., and A. J. Shea, Memphis, for appellees.

BEJACH, J. ▮ This cause is before us on appeal of Mrs. Grace Rhem from a final decree of the Chancery Court of Shelby County affirming the action of the Civil Service Commission of the City of Memphis dismissing Mrs. Rhem from her position as PBX operator for the City of Memphis. The action of the Civil Service Commission had been brought before the Chancery Court by Mrs. Rhem on petition for common law writ of certiorari, under the provisions of sections 27-901 to 27-914, T. C. A. No motion for new trial was made in the lower court. At the hearing in this Court, counsel for appellees requested permission, which was granted, to make a motion for dismissal of the appeal, on the ground that no motion for a new trial had been made. Such motion has been filed in writing, and we feel constrained to sustain same on the authority of Shelton v. Mooneyhan, 205 Tenn. 425, 326 S. W. (2d) 825, and City of Memphis v. Sherwood Building Corp., 208 Tenn. 17, 343 S. W. (2d) 869.

Counsel for appellant undertakes to distinguish the instant case from Shelton v. Mooneyhan and City of Mem-

phis v. Sherwood Building Corp. on the ground that Shelton v. Mooneyhan was a case arising under the provisions of section 57-209 T. C. A. and City of Memphis v. Sherwood Building Corp., a case arising under the provisions of sections 27-901 et seq., T. C. A.; whereas the instant case, although also arising under the provisions of sections 27-901 T. C. A., et seq., is specifically controlled by the provisions of section 27-914 T. C. A., which counsel contend makes separate and particular provisions with reference to city and county employees. Section 27-914 T. C. A. is as follows:

"Proceedings involving public employees. — No court of record of this state shall entertain any proceeding involving the civil service status of a county or municipal employee when such proceeding is in the nature of an appeal from the ruling of a city or county official or board which affects the employment status of a county or city employee, except such proceeding be one of common law certiorari. Any such proceeding shall be heard by a judge or chancellor without the intervention of a jury. This section shall supersede and displace provisions of city charters to the contrary."

In support of their contention, counsel for appellant cite Lansden v. Tucker, 204 Tenn. 388, 321 S. W. (2d) 795, 798, which was a case involving discharge of a city employee tried on writ of certiorari to the Circuit Court of Davidson County. In this case the Supreme Court reversed, although no motion for new trial had been made in the Circuit Court. The reason assigned by the Supreme Court, however, for hearing the cause on appeal, in spite of the fact that no motion for new trial had been

made, was that a motion made by petitioner in the Circuit Court was the equivalent of a demurrer. From the opinion of the Supreme Court, written by Mr. Justice Tomlinson, we quote as follows:

"The motion sustained by the Court, and upon which final judgment was entered, was based on the ground that the return to the writ was insufficient. This, it seems to the Court, is equivalent to a demurrer on the ground of an insufficient return. That being true, and the Commission having duly excepted thereto, and an appeal allowed thereon, it is the opinion of the Court that a motion for a new trial was unnecessary in that the error complained of was called specially to the Court by the exception to the order which had the effect of a final judgment." Lansden v. Tucker, 204 Tenn. 388, 321 S. W. (2d) 798.

We are, therefore, unable to adopt the suggestion advanced by counsel for appellant for distinguishing the instant case from Shelton v. Mooneyhan, 205 Tenn. 425, 326 S. W. (2d) 825 and City of Memphis v. Sherwood Building Corp., 208 Tenn. 17, 343 S. W. (2d) 869. In our opinion, in the case of Sherwood Building Corp. v. City of Memphis filed February 26, 1960, we said, "We construe the Supreme Court's decision in Shelton v. Mooneyhan as controlling in all causes where cases have been heard in either the Circuit Court or the Chancery Court pursuant to issuance of common law writs of certiorari and supersedeas." We also said, "We think that Shelton v. Mooneyhan is an unfortunate decision, which should be overruled; but this Court is without authority to overrule it." Although the Supreme Court denied certiorari in the case of Sherwood Building Corp. v.

City of Memphis, by filing for publication its per curiam opinion, it rebuked us for our temerity in making the above suggestion for overruling Shelton v. Mooneyhan, and adhered to its decision in that case. We, therefore, feel constrained to hold in the instant case, which arises under the provisions of sections 27-901 to 27-914 T. C. A., that a motion for new trial was a necessary prerequisite for appeal; even though section 27-912 T. C. A. provides, "Any party dissatisfied with the decree of the court may, *upon giving bond as required by law in other chancery causes,* (emphasis added) appeal to the Supreme Court, where the cause shall be heard upon the transcript of the record from the chancery court."

It is further contended on behalf of appellant that certiorari granted under the provisions of section 27-914 T. C. A. is different from statutory certiorari, which circumstance should warrant a distinction of the instant case from Shelton v. Mooneyhan and City of Memphis v. Sherwood Building Corp. This contention is untenable. Section 27-914 T. C. A. provides expressly that, "No court of record of this state shall entertain any proceeding involving the civil service status of a county or municipal employee when such proceeding is in the nature of an appeal from a ruling of a city or county official or board which affects the employment status of a county or city employee, *except such proceeding be one of common law certiorari.*" (Emphasis added.) True it is that the Supreme Court said in Hoover Motor Express Co., Inc. v. Railroad & Public Utilities Co., 195 Tenn. 593, 599-600, 261 S. W. (2d) 233, 235, "the review before the Chancellor on the writ of certiorari was limited to the review provided by the common law writ, although in strictness no common law writ now exists in Tennessee"; but we

said, with reference to the above quoted statement, in Roberts v. Brown, 43 Tenn. App. 567, 589, 310 S. W. (2d) 197:

"The conclusion which we draw from the above quoted language is that if a writ of certiorari is issued exclusively under authority of section 27-801, Tenn. Code Ann., it is the equivalent of a common law writ of certiorari, and the hearing in the Circuit Court must be limited to the question of whether or not the inferior tribunal, board, or officer, has exceeded the jurisdiction conferred, or is acting illegally; whereas, on the other hand, if the writ of certiorari has been issued under and in accordance with the provisions of section 27-802, Tenn. Code Ann., the Circuit Court may hear the matter on its merits, or have a trial de novo." Roberts v. Brown, 43 Tenn. App. 589, 310 S. W. (2d) 207.

■ Finally, it is the contention of counsel for appellant that appellees' motion to dismiss the appeal in the instant case, because of failure to move for a new trial in the lower court, does not comply with the provisions of Rule 21 of the Rules of this Court, and, consequently, that this Court should not consider said motion. Rule 21 of the Rules of this Court is as follows:

"Motions may be presented in open court, immediately after the minutes are read, on the convening of the court at each day's session. All motions (except applications for an extension of time for argument, and similar motions relating to matters of procedure) shall be reduced to writing and filed, and it shall be made to appear that reasonable notice

thereof has been given to adversary counsel, before such motions are presented to the court."

Although the motion in the instant case was made informally, at the hearing of this cause on April 28, 1960, same was subsequently reduce to writing and filed with the Clerk of this Court. Furthermore, counsel for appellant was, at that time, granted ten days within which to file a supplemental brief answering said motion and distinguishing, if possible, the facts of the instant case from those of Shelton v. Mooneyhan and City of Memphis v. Sherwood Building Corp. Appellant's counsel have availed themselves of the privilege thus granted, and we have carefully considered the supplemental brief thus filed, pursuant to permission granted. Under these circumstances, we think said motion is properly before the Court for consideration, and that it is determinative of the law suit.

█ Even if we could, in the instant case, consider the appeal on its merits, inasmuch as same is from a final decree of the Chancery Court in a hearing based on common law certiorari to review the action of a City board, we could only consider the evidence preserved in the record for the purpose of determining whether any part of it furnishes material support for the action of the Civil Service Commission of the City of Memphis, and could not weigh the evidence thus preserved. Lansden v. Tucker, 204 Tenn. 388, 321 S. W. (2d) 795; Evers v. Hollman, 196 Tenn. 364, 372, 268 S. W. (2d) 97, 101.

It results that appellees' motion to dismiss the appeal and affirm the judgment of the lower court because of failure to move for a new trial, must be sustained, with costs adjudged against the appellant.

Avery, P. J. (W.S.), and Carney, J., concur.