CHARLES LEROY CHADWICK

*v.*

THE BEER COMMITTEE OF ANDERSON COUNTY.

376 S. W. 2d 490

(*Knoxville,* September Term, 1963.)

Opinion filed March 5, 1964.

LADD & QUALLS, Harriman, for appellee.

HARRY LILLARD, County Attorney, Oak Ridge, for appellant.

MR. JUSTICE DYER delivered the opinion of the Court.

In this opinion Charles Leroy Chadwick will be referred to as, Appellee and The Beer Committee of Anderson County, as Appellant.

On May 31, 1962 Appellee filed his application for a beer permit, which after a hearing on June 26, 1962 Appellant declined to grant. On July 3, 1962, under Section 57-209, T.C.A., Appellee filed his petition in the Chancery Court to have this action of Appellant reviewed by statutory writ of certiorari, with a trial de novo as a substitute for an appeal. The cause was heard by the Chancellor upon the certified transcript of the proceedings before Appellant, stipulations of the parties and argument of counsel, from which the Chancellor found the permit should be granted and so ordered.

Appellee has filed a written motion in this Court to dismiss this appeal on the ground Appellant failed to file a motion for a new trial. In support of this position the unreported case of *Russell v. Loudon County Beer Board* is cited, which opinion filed September 11, 1963 does so hold as Appellant contends. The case cited, as authority, in this unreported opinion was *Shelton v. Mooneyhan,* 205 Tenn. 425, 326 S.W.2d 825. Appellant

takes the position under Sections 27-303 and 27-304, T.C.A. no motion for a new trial was necessary.

In *Shelton v. Mooneyhan,* 205 Tenn. 425, 326 S.W.2d 825, this Court said:

"Counsel for the Board, in support of its insistence that a motion for new trial is not necessary, relies upon T.C.A. sec. 27-303, 304 relating to appeals in non-jury cases. That part of the statute, originating with the Code Supplement of 1950, provides in non-jury cases that the review shall be upon simple appeal, irrespective of whether the trial was according to the forms of equity or of law, that no motion for a new trial shall be necessary, etc., and that on appeal the hearing shall be de novo upon the record of the trial court, accompanied by a presumption of correctness of the judgment or decree of the trial court, unless the preponderance of the evidence is otherwise.

"In thus assimilating all non-jury appeals to a simple appeal in equity bringing up the entire matter of law and fact for review de novo, it perforce cannot embrace the limited review in the present case, because the only question for determination in the instant case, either by the trial or the appellate court, is whether or not such administrative board acted fraudulently, illegally or exceeded its jurisdiction. *Putnam County Beer Board v. Speck,* 184 Tenn. 616, 621, 201 S.W.2d 991."

In *City of Memphis v. Sherwood Building Corporation,* 208 Tenn. 17, 343 S.W.2d 869, this Court discussed at some length the holding in the *Shelton v. Mooneyhan* case and said:

"Necessarily, therefore, Sections 27-303, 27-304, T.C.A. providing for a hearing de novo did not embrace proceedings under the common law writ of certiorari where the sole question with which the Court is allowed to concern itself is whether there was material evidence before the Board to sustain its findings."

■ Section 57-209, T.C.A. provides the method and scope of review in these beer cases. Since the decision in *Shelton v. Mooneyhan* this code section has been amended by Chapter 105, Public Acts of 1961. This 1961 amendment makes material changes in the review of these beer cases, particularly in regard to the scope of review. Now a party appealing from the action of a beer board has a right, by statutory writ of certiorari, to have in the trial court a hearing de novo as a substitute for appeal, where either party may introduce evidence, not introduced before the beer board, and the trial judge is required to weigh all the evidence determining the issues by a preponderance of the proof. Under this scope of review Sections 27-303 and 27-304, T.C.A. would be applicable and a motion for a new trial as prerequisite to appeal would not be necessary.

In the unreported case of *John C. Russell v. Loudon County Beer Board* the effect of this amendment, as it applies to motions for new trials, was overlooked by the Court and decision therein on this point was in error. The motion to dismiss is denied.

Section 57-205 T.C.A. sets out the requirements to be established by an applicant, before he is eligible to receive a beer permit from a County Beer Board. One of these requirements is as follows:

"Third, that no such beverage will be sold except at places where such sale will not cause congestion of traffic or interference with schools, churches, or other places of public gathering, or otherwise interfere with public health, safety and morals; the county court having the right to forbid such storage, sale or manufacture at places within two thousand (2,000) feet of such places of public gatherings in its discretion."

██ Appellant's assignment of error is to the effect the above requirement is not supported by a preponderance of the evidence. This cause comes to us with a presumption of the correctness of the decree of the Chancellor. We have examined this record and do not find the evidence preponderates against this finding of the Chancellor.

Judgment affirmed.