CITY OF WHITWELL et al.,

*v.*

HAMMOND FOWLER, Chairman et al.

*(Nashville,* December Term, 1960.)

Opinion filed March 10, 1961.

GUS D. HATFIELD, JR., Chattanooga, for appellants.

GEORGE SHUFF, Nashville, for Tennessee Public Service Commission.

T. G. PAPPAS, BASS, BERRY & SIMS, Nashville, for Southern Bell Tel. & Tel. Co.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

The Court denies the application of appellants to withhold disposition of this case until there arrives here a

case said to be of a similar nature and said to be now pending in some other Court.

This suit originated as a proceedings instituted by Southern Bell Telephone and Telegraph Company before the Tennessee Public Service Commission for the purpose, in so far as pertinent here, of causing 54 telephone exchanges to be placed in different rate groups.

At the time these proceedings were instituted, the various rate groups in existence were those created by the Commission in 1954. They were classified in accordance with fixed minimum and maximum subscribers in a given exchange. A rate of pay by the subscribers for each group was fixed. The larger the classification, the larger is the rate of pay exacted.

The number of subscribers at some of the exchanges has increased since 1954 to the point where it is said that such exchanges should be placed in a different, and, generally, a larger group classification, and its subscribers charged accordingly. This would mean an increase in the rate charged those subscribers whose exchange is moved into a larger group classification. The purpose of the Telephone Company was to procure the placing of such exchanges into the group into which it had grown. This would have the effect of eliminating preferences and discrimination as to rates between subscribers. It would also result automatically in some increase in the revenues of the Company, notwithstanding this is not a rate-making case.

The Commission regrouped 29 exchanges, but not according to the plan suggested by the Telephone Company. The City of Whitwell and the City of Red Bank—White Oak filed in Davidson County Chancery (T.C.A. 65-220)

its petition for certiorari, whereby it expressed dissatisfaction with the action of the Commission.

The decree of the Chancellor, after reciting that the matter was heard "upon the pleadings, the transcript of the record and proceedings before the Tennessee Public Service Commission, and oral arguments and brief of counsel", then adjudged the petition to be "without merit" for reasons stated in the memorandum opinion and decree. It ordered the suit dismissed. The two cities mentioned seek in this Court (T.C.A. 65-230) a reversal, etc. of the Chancellor's decree.

The Commission and Telephone Company have moved the dismissal of the appeal because of the failure of the appellants to file a motion for a new trial and procure the action of the Chancellor thereon as a condition precedent to prosecuting the appeal.

 The functions of the Commission are solely administrative or legislative, as distinguished from a judicial function. *Hoover Motor Express Company, Inc. et al v. Railroad & Public Utilities Commission et al.,* 195 Tenn. 593, 607, 261 S.W.2d 233. A review by the Court, therefore, of the action of the Commission may be only for the very limited purpose of determining whether the Commission has acted arbitrarily, or in excess of jurisdiction, or otherwise unlawfully. *Hoover Motor Express Company et al. v. Railroad & Public Utilities Commission,* supra. Thus, this is a proceedings under the common-law writ of certiorari as distinguished from the statutory writ. *Putnam County Beer Board v. Speck,* 184 Tenn. 616, 621, 201 S.W.2d 991.

██ In this connection, attention is called to T.C.A. 65-229, subd. d, wherein it is purported to authorize the

Court either to remand or reverse an action of the Public Service Commission when it, the Court, considers the conclusion of the Commission to be "unsupported by the preponderance of the proof". This particular sub-section of 65-229 must be adjudged entirely ineffective under the authority of *Hoover Motor Express Company v. Railroad & Public Utilities Commission,* supra [195 Tenn. 593, 261 S.W.2d 239]. It was there held that "to consider the weight of the evidence is beyond our province" in proceedings by certiorari from the action of the Commission.

■ Since this is a proceedings under the rules applicable to a common-law writ of certiorari suit the question is whether the rules under such proceedings require the making of a motion for a new trial and the action of the Trial Court thereon a condition precedent to the right of prosecuting an appeal.

The petition for certiorari in this case prays that there be forwarded to the Chancery Court "all of the proof submitted before the Commission to the end that said proceedings may be fully reviewed and examined by" the Chancery Court and that this Court declare the Commission's order to be illegal and void in so far as it "has the effect of regrouping and reclassifying the exchanges". To determine the merits of the petition it will, of course, be necessary to look to the proof submitted to the Commission, as prayed by petitioners. In such a situation the question is whether the rules require such motion, etc.

The answer to the question put has been too long and too firmly established to now be the subject of controversy. The probability is that counsel have confused the proceedings with one under the statutory writ of certiorari, wherein, in some instances at least, the hearing

in Court is de novo. But as to proceedings under the common-law writ where the review is limited, as aforesaid, as far back as *Board of Equalization v. Nashville, C. & St. L. Ry.,* 148 Tenn. 676, 681, 257 S.W. 91, 93, the Court reiterated the rule to be that:

"* * * where the conclusion of the court of law is the result of a consideration of facts, and an application of the law thereto, a motion for new trial is necessary to authorize a review on appeal in error, whether the facts are presented to the trial court upon agreed facts, facts disclosed in documents exhibited with the pleadings, or facts presented to the court as exhibits to or made part of the return to a writ."

The fact that the statute gives the Chancery Court jurisdiction of proceedings under the common-law writ of certiorari with reference to the Tennessee Public Service Commission does not have the effect of enlarging that Court's jurisdiction as to the limit of the review of the actions of this legislative and administrative Board. It could not constitutionally authorize such encroachment by the Court in the field of this legislative or administrative body.

The foregoing rule reiterated and applied in Board of Equalization case, supra, has been repeated and applied many times, and as late as the 1959 decision in *Shelton v. Mooneyhan,* 205 Tenn. 425, 326 S.W.2d 825.

Such being the rule, the motion to dismiss the appeal is well taken.

The brief submitted in behalf of petitioners asserts that in *Southern Bell Telephone and Telegraph Company v. Tennessee Public Service Commission,* 202 Tenn. 465, 304 S.W.2d 640, 643, this Court disposed of a similar case on

its merits without noticing the motion to dismiss for failure to file a motion for a new trial. That case reflects it as a fact that the Court treated the hearing as "not one under the petition for certiorari * * * but is one coming under the original jurisdiction of the Chancery Court where there have been facts alleged of constitutional confiscation".

The foregoing disposition of this case renders it unnecessary to consider the question of whether a bill of exceptions is required as a condition precedent to the consideration of this appeal. However, that question is discussed, though recognized as not necessary to the decision, in *Shelton v. Mooneyhan,* supra. There is also a discussion of the question in *Roberts v. Knoxville Transit Lines,* 36 Tenn.App. 595, 259 S.W.2d 883, in a similar situation to that existing here.

One John H. Weston has appealed from the action of the Chancellor in denying his petition for leave to intervene. It is recited in the decree that the petition comes too late in that it was not filed until more than three months after the final order of the Commission and just prior to the date set for hearing in the Chancery Court and that no satisfactory reason is shown for the delay. The decree also calls attention to the fact that the petition of Weston alleged his interest to be identical with those of the two cities who petition for certiorari. The Court is of the opinion that this action of the Chancellor was not an abuse of his discretion.

The appeal of petitioners for certiorari and of Weston will be dismissed and the costs of the appeal adjudged against petitioners, City of Whitwell and City of Red Bank—White Oak.