CONSOLIDATED GRAY-FORDTOWN-COLONIAL HEIGHTS UTILITY
DISTRICT OF WASHINGTON AND SULLIVAN COUNTIES,
TENNESSEE,

*v.*

ROBERT P. O'NEILL et al.

354 S. W. 2d 63.

(*Knoxville,* September Term, 1961.)

Opinion filed February 8, 1962.

BRYANT, BRANDT & PRICE, WM. F. GUINN, Johnson City, for appellants.

BANDY & LYLE, Kingsport, for appellees.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This action was brought in the County Court of Sullican County, Tennessee, by the appellees who were residents of certain districts of Sullivan County, together with Commissioners of the South Kingsport Utility District against seven named defendants, who were the President and members of the appellant Consolidated Gray-Fordtown-Colonial Heights Utility District. The

purpose of the petition was to have certain portions of the boundaries of the Consolidated Gray-Fordtown Utility District taken from it and added to the boundaries of the South Kingsport Utility District.

It is likewise alleged that in the 13th and 14th Civil Districts of Sullivan County, which are included in the Gray-Fordtown District, the services to be rendered by that corporation were not being rendered. Demurrers were filed by the original defendants and subsequently the suit was amended so as to make the corporation, Consolidated Gray-Fordtown Utility District, a party defendant. To this amendment, the Consolidated Gray-Fordtown District filed a plea in abatement to the effect that the courts of the State had no authority to reduce territory of a corporate utility district, but that this was a matter for the Legislature and not the courts. The trial judge overruled the plea in abatement and an appeal was had direct to this Court. After a very thorough study of the briefs, record, etc., and an independent investigation, we have the matter for disposition.

The appellant, Consolidated Gray-Fordtown-Colonial Heights Utility District of Washington and Sullivan Counties, Tennessee, was incorporated by Chapter 51 of the Public Acts of 1951. This Act designates a described district in the Act as ''a municipality or public corporation which shall constitute a body politic and corporate with power of perpetual succession * * *.'' Then it is provided in the Act that this corporation shall have all of the powers, duties, etc. of utility districts as created by Chapter 248 of the Public Acts of 1937, Sections 5 through 19. (This Act is now codified as Section

6-2608 et seq., T.C.A.). The Act creating this corporation (Chapter 51, Public Acts of 1951) in the last sentence of Section 1, thereof provides:

"As long as the District continues to furnish any of the services which it is authorized to furnish under this Act, it shall be the sole public or municipal corporation empowered to furnish such services within the District."

The Act, that is Chapter 248 of the Public Acts of 1937, as codified above, which embodies the purposes of this corporation was thoroughly discussed and correctly analyzed as to the purposes of the Act and the powers thereunder by the Court of Appeals in *Chandler Inv. Co. v. Whitehaven Dist.*, 44 Tenn.App. 1, 311 S.W.2d 603. We denied certiorari therein. At page 24 of the Court of Appeals' opinion, at page 613 of 311 S.W.2d, that court correctly says that:

"The provisions of T.C.A. Section 6-2607 quoted above provide the only method by which the exclusive franchise awarded to the Whitehaven Utility District may be modified; i. e., that the Quarterly County Court of Shelby County adjudicate that the public convenience and necessity requires other or additional services. Hence, we hold that the sole recourse available to the Chandler Investment Company, if it is dissatisfied with the services offered by the Whitehaven Utility District, is to petition the Quarterly County Court of Shelby County under the authority of T.C.A. Section 6-2607 to establish that the public convenience and necessity requires that the exclusive franchise to furnish water, fire protection and sewerage service granted to the Whitehaven Utility District be modified

> so as to permit other agencies, possibly the City of Memphis Light, Gas and Water Division, to furnish water to the complainant and other potential customers within the vicinity of complainant's subdivision.''

This statement, quoted above, is the only right under these Acts that the residents of Districts 13 and 14 of the Civil Districts of Sullivan County which are in the utility district of Consolidated Gray-Fordtown-Colonial Heights Utility District have. That is to say, they have the right to petition the County Court if the services are not being rendered and to show this to the County Court, then the County Court has the right to take such action as it deems necessary under the facts. Of course, the County Court in doing so will take into consideration all the facts and determine whether or not the district has been, or is, making a reasonable effort under the circumstances to furnish the citizens of the complaining districts with the utilities this utility district is allowed to furnish under the Acts in question.

 In the absence of specific legislation thereon a court possesses no power to detach territory from a corporation which has been incorporated by the Legislature. The general act sec. 6-2607, T.C.A., and others specifically provide that the recently enacted annexation statute applying to municipalities generally, sec. 6-308 et seq., T.C.A., as is interpreted by *Morton v. Johnson City*, 206 Tenn. 411, 333 S.W.2d 924, is not applicable, thus the only method left to take from or add territory to the Fordtown District in question is by an act of the Legislature. Where the Legislature has fixed the boundaries of a corporation as this, this exercise of power by the

Legislature is a legislative power and not a judicial one, and hence it is not subject to judicial revision. See 62 C.J.S. Municipal Corporations sec. 1, page 61, and sec. 38, beginning at page 116; McQuillin, Municipal Corporations, 3rd Ed., Vol 2, sec. 7.24, page 328.

Then, too, this Court in *Willett v. Bellville Corp.*, 79 Tenn. 1, held in reference to an act authorizing the Chancery Courts to organize municipal corporations that the courts had no authority to enlarge or cut off the boundaries of a corporation which had been fixed by the Legislature in the charter of the corporation.

Thus we come in our thinking to what powers the courts have under a situation as above set forth. In 48 Am.Jur., Public Utilities and Services, sec. 15, page 580, the author of that work says:

"Courts will control public service and other corporations in the use of their property only so far as is necessary to secure a proper discharge of the corporations' duty to individuals or to the public, and will not enjoin the construction or use of public utilities and improvements at the suit of private individuals unless the damage is both serious in amount and irreparable in character."

Other Sections of the discussion of the rights and duties of utility corporations and what rights the people have are discussed and quoted from in *Chandler Inv. Co. v. Whitehaven Dist.*, supra. These to some extent are applicable to the situation here.

After fully studying this question we have arrived at the conclusion for the reasons hereinabove set forth that the plea in abatement of the Consolidated Gray-

Fordtown-Colonial Heights (appellant) should have been sustained and it is now sustained. But due to the fact that there are certain inferential, at least, allegations that this utility district of Consolidated Fordown was not furnishing the necessary services, we think the cause should be remanded and the parties allowed to amend their complaint against this district so that proof can be had pro and con as to whether or not the Consolidated Gray-Fordtown District is rendering the services under the conditions hereinabove described. Section 6-2607, T.C.A., in the last sentence thereof provides:

"So long as the district continues to furnish any of the services which it is herein authorized to furnish, it shall be the sole public corporation empowered to furnish such services in the district unless and *until it shall have been established that the public convenience and necessity requires other or additional services.*"

This is the only right of the residents of the incorporated district of the Consolidated Fordtown.

In view of the disposition we think necessary to make of this case all costs of appeal are taxed against the appellees, the ones who originally brought this suit, and their cost bond therein, but the costs in the trial court will await the outcome there if additional amendments are desired and it is desired to be heard as hereinabove indicated.