THE WHITEHAVEN UTILITY DISTRICT OF SHELBY COUNTY,
Tennessee, Appellant,

*v.*

JACK W. RAMSAY, DAN C. MITCHELL and BRUCE JORDAN,
Board of County Commissioners of Shelby County,
Tennessee, Shelby County, Tennessee, C. W. BAKER,
Chairman of the Shelby County Court, City of Memphis,
Tennessee, and GEORGE F. McCANLESS, Attorney General
of the State of Tennessee, Appellees.

387 S.W.2d 351.

(*Jackson,* April Term, 1964.)

Opinion filed December 11, 1964.

436

E. W. HALE, JR., Memphis, for appellant.

EUGENE GREENER, JR., Memphis, for Jack W. Ramsay, Bruce Jordan and Board of County Commissioners of Shelby County.

WILLIAM H. WILLIAMS and JOHN T. DUNLAP, JR., Memphis, for Dan C. Mitchell, and C. W. Baker.

PATRICK JOHNSON, SR., and MYRON A. HALLE, JR., Memphis, for City of Memphis.

MR. JUSTICE WHITE delivered the opinion of the Court.

This bill was brought under the Declaratory Judgments Act by Whitehaven Utility District of Shelby County, Tennessee, to have declared for it the exclusive right to maintain and operate a system or systems for furnishing water, fire protection, sewers, and sewage disposal service in the boundaries of the District. This Utility District was created pursuant to the Utility District Act of 1937, as amended, T.C.A. secs. 6-2601—6-2636.

The defendants constructed the sewers involved herein and have since operated and maintained them. It is undisputed also that the defendants have been in control of and have been the owners and operators of said sewerage system for a period of more than eight years.

Demurrers were filed to the complainant's bill and were sustained upon the following grounds:

1. That the action of the complainant with reference to the construction of Days Creek, Cypress Creek, and Neely Road sewers constituted a waiver and/or estoppel of any right the complainant may have, and renders the complainant guilty of laches barring its right to bring this action.

2. That any exclusive franchise which complainant may have originally had relative to sewers within its boundaries has been lost by nonuser.

3. That the relief sought by complainant would, if granted, cause a forfeiture of valuable property and property rights of the defendants and would unjustly enrich the complainant.

The complainant now appeals from the adverse ruling below. In reaching our decision as to the correctness of the chancellor in sustaining the demurrers, we have carefully examined and weighed the following uncontroverted facts.

On July 16, 1954, the Utility District, the appellant here, not having the economic capabilities to develop its own sewer trunk line, entered into a written contract with a private developer for the construction of needed sewers with the cost of the same to be paid for by connection or tap charges. In addition, the City of Memphis and the County of Shelby also entered into a written agreement with the Utility District, whereby the District was given permission under certain terms and conditions to connect the privately developed sewer line to the City's disposal plant.

The latter agreement governed and restricted the Utility District's right to make or permit extensions or connections to its own sewer; it contained requirements for the application, handling, and accounting for the charges by the Utility District; it provided for the inspection and audit of the District's books by the City and the County; it required that plumbing in all houses using the sewer comply with Code standards of the City of Memphis; and lastly, it granted the City valuable rights

to the sewer in the event of annexation of the District by the City.

On July 12, 1955, the City and the County began construction of the Days Creek sewer within the Utility District's boundaries, and this sewer was completed during a period of ten months, on or about May 18, 1956. On September 14, 1955, the City and the County began construction on the Cypress Creek sewer which was completed on October 15, 1956, a construction period of about thirteen months.

In addition, the Neely Road sewer line was built by the same parties during 1959-1960. The City and the County have also contracted, at various times, with private developers for the construction of laterals to the sewers. The total cost of construction to the City and the County has been approximately $750,000.00.

The complainant sought to have the Chancery Court declare that it had and now has the exclusive right to conduct, operate, and maintain a sewerage system within said District. Complainant's position is that under T.C.A. sec. 6-2607 and T.C.A. sec. 6-604, the District is given the exclusive right to conduct the operations herein contested and, therefore, the sewers now owned and operated by the City and County should be turned over to the Utility District.

T.C.A. sec. 6-2607 outlines the powers of the District as follows:

"So long as the district continues to furnish any of the services which it is herein authorized to furnish, it shall be the sole public corporation empowered to furnish such services in the district unless and until it shall

have been established that the public convenience and necessity requires other or additional services."

In this case there has been no such judical determination of public convenience or necessity as required by the statute. Therefore, the Utility District contends that it is possessed of an exclusive right to operate the sewers and is required by statute to do so. Further, the complainant contends that there could be no waiver of its rights to furnish sewers, etc., when the statute expressly provides that only the county court has jurisdiction to take away that right and, therefore, any attempted waiver of said right would be against public policy and void.

Complainant makes further arguments against each point sustained in the demurrers, however, in our view of this case, the aforesaid general statement of complainant's position is sufficient. We have carefully considered the equities on both sides and are convinced that there can be only one conclusion.

█ We think that the complainant is guilty of laches and, therefore, the demurrers were properly sustained. The courts are reluctant to sustain the defense of laches, and in a case where the delay in filing the suit can be reasonably explained or justified, such a defense will not be heard. *Williamson & Co. v. Ragsdale*, 170 Tenn. 439, 95 S.W.2d 922 (1936).

█ In this case, however, after considering all of the circumstances, we find the conclusion inescapable that the complainant is guilty of laches. In this case there has been a delay of over eight years in bringing this suit, during which time there has been prejudicial reliance by the defendants on the acts or silence of the complainant. There has been no attempt to explain or justify this delay and we can think of no reason for such delay.

The complainant knowingly allowed the City and the County to build the Days Creek sewer in 1955; the Cypress Creek sewer in 1956; and the Neely Road sewer in 1960. Each of these projects took many months to complete, and if the complainant wanted to assert its statutory rights, it should have done so many years ago. Likewise, the contract between the complainant and the City and County in 1955 indicates that the complainant had full knowledge of its rights under T.C.A. sec. 6-2607, but chose to allow the construction to begin at the expense of the City and County.

We think this is a classic example of a situation where the defense of laches is applicable as there was (1) an unexcused delay, and (2) prejudice to the rights of innocent parties because of the unexcused delay. The following cases abundantly sustain this conclusion. *State v. McPhail*, 156 Tenn. 459, 2 S.W.2d 413 (1927); *Samuel v. King*, 158 Tenn. 546, 14 S.W.2d 963 (1928); *Robertson v. Davis*, 169 Tenn. 659, 90 S.W.2d 746 (1936); *Bernard v. Walker, et al*, 186 Tenn. 617, 212 S.W.2d 600 (1948).

We also cite Gibson's Suits in Chancery, sec. 81 (1955), which states:

"The neglect of a person to make complaint, or bring suit in due season, he being *sui juris* and knowing the facts, or having the means of knowledge, is called *laches;* and where there has been gross laches in prosecuting rights, or long and unreasonable acquiescence in adverse rights, Court of Equity refuse to interfere, they acting either by analogy to the statutes of limitations, or upon their own inherent doctrine of discouraging antiquated demands."

The complainant has cited voluminous authority in support of its position, and we have given careful atten-

tion to all the matters presented in the complainant's brief.

In the case of *Chandler Investment Co. v. Whitehaven Utility District*, 44 Tenn. App. 1, 311 S.W.2d 603 (1957), cited by complainant, it was held that where the Utility District, by statute, had an exclusive franchise to furnish water within the District, and there had been no determination by the Quarterly County Court that public convenience and necessity required other or additional service, the owner could not enter into a. contract with another public utility to supply water service to the subdivision.

In *Consolidated Gray-Fordtown-Colonial Heights Utility District v. O'Neill, et al,* 209 Tenn. 342, 354 S.W.2d 63 (1962), the Court held that the only method for taking or adding territory to the consolidated utility district was by an Act of the Legislature, and there was no power in the court to take territory from one district and add it to another.

We approve of the two decisions mentioned above, but believe that those cases are readily distinguished from the case now before us. In both of the cases cited by the complainant, the bill for declaratory judgment was brought prior to the undertaking of the project in contest, nor had there been any detrimental reliance by one party on the actions or inaction of the other.

In the case at bar, had the complainant chosen to assert its rights under T.C.A. sec. 6-2607 when construction began on the first sewer line in 1955, we think it likely that the right of the Utility District to service the area would have been upheld. However, we are of the opinion that it would be unreasonable, at this late date, to hold

that the City and the County can no longer operate their own sewer systems after building them at great expense and with the acquiescence of the Utility District.

It is our conclusion that while the District may have had an exclusive right to operate the sewers under T.C.A. sec. 6-2607, the complainant will not now be permitted to enforce that right for the reasons appearing herein.

■ ■ The general duties and responsibilities of such a Utility District are set out in considerable detail in *Chandler Investment Co. v. Whitehaven Utility District,* supra. From reading the provisions of the Code creating these duties and responsibilities there can be no doubt that the commissioners act for and on behalf of the residents of the District and the bondholders. It could not be otherwise. All corporate organizations act by and through boards, commissions, officers and employees, and if they act within the apparent scope of their authority, then their actions are those of the corporation and, therefore, binding on the stockholders or members of such corporations. We think unquestionably that the acts of the commissioners or their omissions to act in the case *sub judice* are binding on the Utility District, the members and residents thereof and, consequently, on the bondholders.

■ We have no doubt but that the Utility District has been guilty of laches and it is not now permitted to gain the relief sought in this case. To rule otherwise would result in a severe loss to the City and County and an obvious enrichment on the part of the Utility District. The District seeks to negative this by stating that the initial cash outlay has been recovered by rate payments. Nevertheless, the City and the County would be deprived of a paid-up investment or property right, while at the same

time the Utility District would unquestionably receive a gratuity in the form of the completed sewer lines.

Therefore, we reach the conclusion that the chancellor was eminently correct in sustaining the demurrers and his decision is affirmed. Since we hold the complainant guilty of laches, we see no necessity for ruling upon the other points raised by the demurrers.

The judgment is affirmed.

BURNETT, CHIEF JUSTICE, DYER and HOLMES, JUSTICES, and CLEMENT, SPECIAL JUSTICE, concur.