BEVERLY BRILEY, County Judge and Mayor-Elect of The
Metropolitan Government of Nashville and Davidson
County, Tennessee, Appellant,

*v.*

CUMBERLAND WATER COMPANY and TENNESSEE PUBLIC
SERVICE COMMISSION, Appellees.

389 S.W.2d 278.

(*Nashville,* December Term, 1964.)

Opinion filed March 30, 1965.

NEILL S. BROWN, SEYMOUR SAMUELS, JR., Nashville, for appellant.

HAROLD SELIGMAN, Nashville, for appellee Cumberland Water Co.

GEORGE SHUFF, General Counsel, Nashville, for appellee Tennessee Public Service Commission.

## PER CURIAM.

This is an appeal from the decree of the Chancery Court of Davidson County dismissing, after a hearing, the petition for certiorari filed by the appellant in that Court, pursuant to T.C.A. sec. 65-220, to review the order of the Tennessee Public Service Commission, entered May 9, 1963, extending the certificate of convenience and necessity of the Cumberland Water Company to operate as a water utility in Davidson County in an area in addition to its former operating area.

The appellees have filed in this Court a motion to strike the transcript of evidence before the Commission and dismiss the appeal because:

"The record contains, (a) no motion for a new trial, (b) no bill of exceptions approved, authenticated and filed as required by law, and (c) no order of the lower court directing that the transcript of the hearing before the Public Service Commission be sent up to this Court as a part of the record, and (d) no identification of said transcript and no showing that said transcript contains all of the evidence heard by the lower court in this cause."

This motion is predicated primarily upon the holding of this Court in *City of Whitwell v. Fowler,* 208 Tenn. 80, 343 S.W.2d 897, and *Shelton v. Mooneyhan,* 205 Tenn. 425, 326 S.W.2d 825. The grounds of the motion are in substance those stated in Shelton.

In City of Whitwell, the Court was dealing with the scope of judicial review of the action of the Tennessee Public Service Commission by writ of certiorari issued out of the Chancery Court of Davidson County, in accordance with the provisions of T.C.A. sec. 65-220. In that case there was a motion to dismiss the appeal because of the failure of the appellants to file a motion for a new trial and procure the action of the Chancellor thereon as a condition precedent to prosecuting the appeal. In sustaining this motion, the Court stated:

"Since this is a proceeding under the rules applicable to a common-law writ of certiorari suit the question is whether the rules under such proceedings require the making of a motion for a new trial and the action of the Trial Court thereon a condition precedent to the right of prosecuting an appeal." 208 Tenn. at 84, 343 S.W.2d at 899.

\* \* \* \* \* \*

"The fact that the statute gives the Chancery Court jurisdiction of proceedings under the common-law writ of certiorari with reference to the Tennessee Public Service Commission does not have the effect of enlarging that Court's jurisdiction as to the limit of the review of the actions of this legislative and administrative Board. It could not constitutionally authorize such encroachment by the Court in the field of this legislative or administrative body.

"The foregoing rule reiterated and applied in Board of Equalization case, supra, has been repeated and applied many times, and as late as the 1959 decision in *Shelton v. Mooneyhan,* 205 Tenn. 425, 326 S.W.2d 825.

"Such being the rule, the motion to dismiss the appeal is well taken." 208 Tenn. at 85, 343 S.W.2d at 899, 900.

In Shelton and City of Whitwell, as well as in *Memphis v. Sherwood Building Corp.*, 208 Tenn. 17, 343 S.W.2d 869, it was held that T.C.A. secs. 27-303 and 27-304, which provide for a hearing de novo, do not embrace proceedings under the common law writ of certiorari, and in common law certiorari cases only errors apparent upon the face of the technical record are subject to review on appeal in the absence of a motion for a new trial.

The brief of appellant filed in response to the appellees' motion to dismiss recognizes the applicability of the foregoing rules. In this brief, appellant states:

"In response to the appellees' motion to dismiss, the appellant asserts that two errors of law were committed by the Chancellor in his decree and opinion; that these are evident from the technical record. Therefore, this appellant stands before the Supreme Court on his first and second assignments of error which are purely questions of law and are based on errors apparent from the technical record and are subject to review by the Supreme Court without a motion for a new trial."

The petition for writ of certiorari filed in the Chancery Court alleges, and the answer of the appellees admits, that the:

"* * * Cumberland Water Company is a Tennessee corporation chartered under the Quasi Public Corporation Act of Tennessee authorized to do business as a water utility by order of the Tennessee Public Service Commission issued January 14, 1959 as amended January 6, 1960, June 2, 1960, and May 9, 1963."

"On February 25, 1963, the Cumberland Water Company filed with the Tennessee Public Service Com-

mission a petition requesting an extension to its then existing certificate of convenience and necessity to operate a water utility in Davidson County seeking to expand into a vast area of undeveloped farm land in the northeast portion of Davidson County. The area for which Cumberland Water Company requested a new certificate of convenience and necessity is roughly, bounded on the east by the Wilson County line, on the South by Stones River, on the west by its existing certified area and on the north by Old Hickory Lake.''

It is further averred in the petition for certiorari and admitted by the answer that on March 7, 1963, the appellant, as County Judge of Davidson County and as Mayor-elect of the Metropolitan Government of Nashville and Davidson County, filed an intervening petition opposing the granting of the extension requested by the Water Company. A public hearing was held before the Public Service Commission on March 14, 1963, in which appellant participated as an intervenor. On May 9, 1963, the Public Service Commission entered an order granting the Water Company a certificate to serve all except the southerly portion of the area originally requested by it. A petition to rehear in accordance with T.C.A. sec. 65-214 was filed by the appellant, which was overruled by the Public Service Commission, and the petition for certiorari was filed in the Chancery Court within the time allowed by law.

In the Chancery Court, and on this appeal, it is the contention of the appellant that the Cumberland Water Company had to have permission from Davidson County or from the Metropolitan Government of Nashville and Davidson County, which government became effective April 1, 1963, as a condition precedent to the

Tennessee Public Service Commission having jurisdiction to hear the petition of the Cumberland Water Company to extend its services in Davidson County. This contention of appellant presents purely a question of law which appears on the face of the technical record. The Chancellor found this contention to be without merit and dismissed the petition for writ of certiorari. To the extent just stated, the action of the Chancery Court is properly before this Court for review.

The jurisdiction and authority of the Tennessee Public Service Commission are derived from Chapters 1 through 5 of Title 65, of the Tennessee Code Annotated. Admittedly, the Cumberland Water Company is a public utility within the definition of T.C.A. sec. 65-401. By the terms of T.C.A. sec. 65-404, it is provided the Commission "shall have general supervision and regulation of, jurisdiction, and control over, all public utilities, and also over their property, property rights, facilities, and franchises, so far as may be necessary for the purpose of carrying out the provisions of this chapter."

T.C.A. sec. 65-406 relates to the construction to be given the statutes defining the jurisdiction of the Tennessee Public Service Commission over utilities. It provides:

"This chapter shall not be construed as being in derogation of the common law, but shall be given liberal construction, and any doubt as to the existence or extent of a power conferred by this chapter or by chapters 1, 3 and 5 of this title, on the commission shall be resolved in favor of the existence of the power, to the end that the commission may effectively govern and control the public utilities placed under its jurisdiction by this chapter."

By the terms of T.C.A. sec. 65-407, "No privilege or franchise hereafter granted to any public utility by the state of Tennessee or by any political subdivision thereof shall be valid until approved by said commission, such approval to be given when, after hearing, said commission determines that such privilege or franchise is necessary and proper for the public convenience and properly conserves the public interest," etc.

The contention of appellant, that the consent or franchise of the local political subdivision of the state in which a utility is to operate is a condition precedent to the issuance of a certificate of convenience and necessity by the Tennessee Public Service Commission, is based upon the provisions of T.C.A. sec. 65-2706, which provides:

"Said corporation, after having first obtained permission from the governing authorities thereof, is invested with the privilege of extending and placing its conductors, pipes, and pipelines along, through, or upon all or any of the streets, lanes, and alleys of the cities, towns, and villages in which it may operate, and in, through, and along any and all of the roads, and public highways of the counties, and of erecting hydrants and fire plugs at suitable places along said streets, lanes, alleys, roads, and public highways for the purpose of supplying water to the inhabitants thereof for manufacturing, domestic, or sanitary or other purposes, and for such purposes it may make any and all necessary excavations in and along the same after first obtaining permission from the governing authorities of the incorporated cities, towns, and villages, and when outside of any incorporated towns, of the govern-

ing authority of the county in which same is located;
* * * ."

T.C.A. sec. 65-2706 came into our law as Section 3 of
Chapter 127, Acts 1909. T.C.A. secs. 65-401, 65-404, 65-
406 and 65-407, which have been referred to above, as
well as many other Code Sections relating to the jurisdic-
tion and authority of the Tennessee Public Service Com-
mission, came into the law as Chapter 49, Acts 1919. The
1909 Act and the Utilities Act of 1919 were before the
Court for construction in *Franklin Light & Power Co. v.
Southern Cities Power Co.,* 164 Tenn. 171, 47 S.W.2d 86.
There, the Court held that Chapter 49, Acts 1919 did not
repeal by implication Chapter 127, Acts 1909. The Court,
in Franklin Light & Power Co., summarized its conclu-
sions, as follows:

"* * * These public utilities must still obtain from the
state their elemental powers to conduct their business,
and from the municipal subdivisions vested with char-
ter powers over their respective territory the privilege
of entering and doing business therein." 164 Tenn. at
190, 47 S.W.2d at 91, 92.

In *Patterson v. City of Chattanooga,* 192 Tenn. 267,
277, 278, 241 S.W.2d 291, 295, the Court stated:

"The City has entered into a contract with the water
company to collect for this sewer service. This contract
has been approved by the Railroad and Public Utilities
Commission (now Tennessee Public Service Commis-
sion) and said Commission in approving this rule is
well within its authority. Code Sections 5502-8 (now
T.C.A. secs. 65-415–21) *authorize the Commission to
exercise absolute power of regulation and control over
public utilities.* (Emphasis supplied)

"The City as a condition to permitting the water company to occupy its streets for the purpose of furnishing its residents with water could require it to collect these sewer service charges imposed by the City."

 From these authorities which have not been overruled or changed by subsequent legislative enactment, it seems clear that the elemental powers of a public utility must be obtained from the State Public Service Commission, and also that the privilege of occupying the streets, roads and public ways of cities or counties with its facilities must be obtained from the local political subdivision in which the utility operates.

 We find nothing in the statutes to justify the contention that the permission of the local political subdivision must be obtained in advance of the hearing before the Public Service Commission. This permission is a condition precedent to the exercise of the privilege extended water companies by T.C.A. sec. 65-2706, but not a condition precedent to obtaining from the State Public Service Commission the utility's elemental power to conduct its business.

The brief of the appellant concedes:

"The privilege or franchise which has first been obtained from the local government, can be altered or modified upon review by the Public Service Commission and such modification will be reflected in the certificate of convenience and necessity issued by the Public Service Commission."

To hold that the obtaining of the permission of the local political subdivision required by T.C.A. sec. 65-2706 is a condition precedent to the jurisdiction of the Tennessee Public Service Commission to issue a certifi-

cate of convenience and necessity would be to give a narrow construction rather than the liberal construction of the powers of the Commission required by T.C.A. sec. 65-406. The Public Service Commission cannot grant to Cumberland Water Company the privilege of using the streets and public ways of a political subdivision without the permission of the governing authorities thereof, nor can a municipality grant a valid franchise to a utility without the approval of the Public Service Commission, after a hearing in which the *Commission* determines the franchise is necessary and proper for the public convenience and properly conserves the public interest. The last part of the preceding sentence is true because of the provisions of T.C.A. sec. 65-407, the first part because of T.C.A. sec. 65-2706.

The brief of the appellees recognizes that, ''This overall regulatory control by the Commission does not prevent a municipality or other governmental body from control and regulation of placing pipes, conductors and pipelines on the streets, alleys and lanes of the cities in which a company operates * * *.''

We find nothing in the statutes which prohibits the utility from first obtaining its elemental powers from the Public Service Commission.

The decree of the Chancellor is therefore affirmed.

WHITE, JUSTICE, not participating.