60

EDITH R. ALLEN, dba S. P. Rutherford Transfer, Brazil Moving and Storage Company, Ozburn-Hessey Moving Company, J. H. Smith, William F. Smith, and Nannie Smith, dba Smith's Transfer Company, Inc., and Clifford Skipworth, dba United Warehouse and Transfer, Appellants,

*v.*

HAMMOND FOWLER, Z. D. ATKINS, and CAYCE PENTECOST, constituting the Tennessee Public Service Commission, and C. C. TORBETT, JR., dba City Delivery Service, Appellees.

407 S.W.2d 156.

(*Nashville*, December Term, 1965.)

Opinion filed October 7, 1966.

WALTER HARWOOD and PHILIP M. CARDEN, Nashville, for appellants.

EUGENE W. WARD, General Counsel, Tennessee Public Service Commission, Nashville, GRANT W. SMITH, Assistant General Counsel, Tennessee Public Service Commission, Nashville, and DAVID TORBETT, Johnson City, for appellees.

MR. JUSTICE CRESON delivered the opinion of the Court.

On October 22, 1964, appellee C. C. Torbett, Jr., dba City Delivery Service, made application to the Tennessee Public Service Commission for a certificate of convenience and necessity as a common carrier. Applicant sought authorization to transport household goods from Bristol, Tennessee and a 12½ air-line mile radius of the corporate limits of Bristol to all points and places in Tennessee, and from all points and places in Tennessee to Bristol and a 12½ air-line mile radius of the corporate limits of Bristol, Tennessee. Objection was made by the appellants. A hearing was had before a Hearing Examiner on December 10, 1964. After hearing the testimony of both sides, the Hearing Examiner submitted a report summarizing the evidence presented before him and recommending the issuance of certificate of convenience and necessity. Exceptions were filed to the Examiner's report by the appellants. The Tennessee Public Service Commission, on March 8, 1965, considered appellants' exceptions and, after so doing, entered an order adopting the Trial Examiner's report in its entirety and approved granting of the application.

On April 5, 1965, the appellants filed a petition for certiorari in the Chancery Court at Nashville, Tennessee, seeking review of the order of the Public Service Commission granting appellee Torbett's application. On April 5, 1965, a writ of certiorari was issued by the Chancery Court of Davidson County, Tennessee. On June 2, 1965, appellee, Tennessee Public Service Commission, filed its answer and, on July 1, 1965, appellee C. C. Torbett, Jr., filed his answer. On December 16, 1965, the Chancellor filed a memorandum stating that he found that there was material evidence to support the findings of the Public Service Commission.

On January 21, 1966, a decree was entered dismissing the petition. Motion for a new trial was timely made by the appellants, and overruled. The appellants duly excepted and prayed an appeal to this Court under T.C.A. sec. 65-230.

The following assignments of error are made by the appellants in this Court:

*"Error No. 1 (Fact)*

The Chancellor erred in finding (R. 27, 29) that there was material evidence in the record supporting the findings of the Commission.

This was erroneous in that neither the testimony quoted by the Court (R. 27-28) nor any other evidence in the record (B.E. 25-124) possesses such probative value as would entitle it to be accepted by reasonably prudent men as a rational basis for concluding that the public convenience and necessity would in any way be promoted by the creation of the service proposed.

The appellants were prejudiced thereby because the privileges accorded them under their own certificates of convenience and necessity and the privilege granted them by law to intervene in the Commission's proceedings were thereby rendered meaningless, and they were deprived of these privileges without benefit of due process of law or the law of the land.

*Error No. 2 (Law)*

The Chancellor erred in failing to consider the entire record before the Commission in determining whether there was material evidence to support the findings and decision of the Commission.

This was erroneous in that the result was actual application of an extreme version of the 'scintilla' rule instead of the standards of judicial review on writ of certiorari as established by constitutional, statutory and decisional law applicable to review of the Commission's findings and decisions.

The error was prejudicial in that the evidence the Chancellor disregarded established overwhelmingly that the public convenience and necessity would not be promoted by creation of the service proposed. The Chancellor's limited review therefore had the effect of denying the appellants their constitutional and statutory right of judicial review by the writ of certiorari, of their statutory right to findings and a decision by the Commission based upon all of the evidence before the Commission, and of their statutory privileges without benefit of due process of law or the law of the land.

*Error No. 3 (Law)*

The Chancellor erred in failing to consider the entire record before the Commission in determining whether the Commission had failed to apply the statutory standards in deciding this case or had otherwise acted arbitrarily, capriciously, illegally or in excess of the jurisdiction conferred on the Commission by statute.

This was erroneous in that applicable constitutional, statutory and decisional authority require this minimum of judicial review by certiorari in all cases.

The error was prejudicial because upon considering the record as a whole the Chancellor would necessarily

have found that the Commission did not apply the statutory standards, did not give consideration to the evidence the appellants had a statutory right to present and to have considered, and rendered findings and a decision for which no rational basis existed in the record.

*Error No. 4 (Law)*

The Chancellor erred in failing to review the record *de novo*.

This was erroneous in that the Commission is an inferior jurisdiction exercising judicial functions whose errors of law and fact may not be corrected by any plain, speedy or adequate procedure other than a review *de novo* by the writ of certiorari, and such review is guaranteed by the Constitution and statutes of Tennessee in all such cases, and because any lesser review would amount to a delegation by the courts of judicial powers to a legislative or administrative body in violation of the constitutional principle of separation of powers.

The error was prejudicial in that if the Chancellor had reviewed the evidence *de novo*, he would necessarily have found that the great preponderance, if not all, of the evidence before the Commission established that there was no public need or demand for the service proposed, that the service already being provided was more than adequate, that the proposed service would adversely affect the traveling public using the highways, that the proposed service would adversely affect other transportation service being rendered, and that the public convenience and necessity would not be promoted by the proposed service.''

Appellants' assignment of error 4 urges that the Chancellor erred in failing to review this record *de novo.* This is obviously the main thrust of the appellants' position and brief in support thereof. Indeed, unless they can maintain this proposition, the appellants must fail. Appellants' dissatisfaction with the proof of the appellee, City Delivery Service, is simply not sufficient to entitle them to that which they here seek.

■ In order for this Court to sustain this assignment of error it would be necessary to overrule its previous decisions in *City of Whitwell v. Fowler* (1961) 208 Tenn. 80, 343 S.W.2d 897, and *Hoover Motor Express Co. v. Railroad & Public Util. Commission* (1953) 195 Tenn. 593, 261 S.W.2d 233. This, the Court is in nowise of a mind to do. The following from the opinion of this Court in the case of *City of Whitwell v. Fowler,* supra, is determinative of the issue raised by this assignment of error:

"(3) In this connection, attention is called to T.C.A. 65-229, subd. d, wherein it is purported to authorize the Court either to remand or reverse an action of the Public Service Commission when it, the Court, considers the conclusion of the Commission to be 'unsupported by the preponderance of the proof'. This particular sub-section of 65-229 must be adjudged entirely ineffective under the authority of *Hoover Motor Express Company v. Railroad & Public Utilities Commission,* supra (195 Tenn. 593, 261 S.W.2d 239). It was there held that 'to consider the weight of the evidence is beyond our province' in proceedings by certiorari from the action of the Commission.

* * * * * *

"(5) The fact that the statute gives the Chancery Court jurisdiction of proceedings under the common-law writ of certiorari with reference to the Tennessee Public Service Commission does not have the effect of enlarging that Court's jurisdiction as to the limit of the review of the actions of this legislative and administrative Board. It could not constitutionally authorize such encroachment by the Court in the field of this legislative or administrative 'body.''

Appellants' first assignment of error argues that there was no material evidence in the record to support the findings of the Commission. The Chancellor, in his memorandum, said the following:

"Counsel for all parties are in agreement that the only question before the Court is whether or not there is material evidence in the record to support the findings of the Commission.

I say there is material evidence and quote what I consider that to be.

The witness Smith testified:

A. 'I'd say in the past 10 years Bristol has grown tremendously businesswise and volumewise and pertaining to traffic it has grown very much, and I think we have demands for more and better traffic service.'

The witness Barnett testified:

Q. 'Is there a continuing demand for topnotch carriers in Bristol?

Mr. HARWOOD: I object, if the Examiner please, except as to his own company.

BY MR. TORBETT:

Q. 'Excuse me, as far as your company goes.

A. Oh, certainly.'

The witness Ferris testified:

Q. 'Do you think it would be good for Sperry if Mr. Torbett had these rights?

A. Yes, sir I do.

Q. Because of the quality of the service.

A. Yes, sir.'

The witness Torbett testified:

Q. 'How many intrastate moves have you referred to Tom Still Transfer this year, if any?

A. Oh, I'd say this year, in the 12 months, I would say I have told at least 50 people.

Q. But you don't know how many of them actually utilized the service.

A. No, I've forgotten now, you know how time slips away from you, but on several occasions I have booked jobs for them.

Q. How many times have you done that?

A. Oh, this year, probably 2 or 3 but I referred many, several to them.'

The petition of the complainant is dismissed at their cost."

■ This Court agrees with the Chancellor that the testimony previously quoted and other evidence con-

tained in the record in this case constitute material evidence to support the finding of the Commission.

■ Appellants' assignments of error 2 and 3 urge that the Chancellor erred "in failing to consider the entire record before the Commission". These assignments of error are answered by the first two paragraphs of the Chancellor's decree, which read as follows:

"This cause came on to be heard before the Honorable Ned Lentz, Chancellor on December 9, 1965, upon the petition for certiorari seeking to set aside an order issued by the Tennessee Public Service Commission on March 8, 1965, in Docket No. MC-4669, answer thereto, transcript of the record of the hearing before the Examiner, the Examiner's Report, exhibits and arguments of counsel. Counsel for both parties were in agreement that the only question before the Court was whether or not there was material evidence in the record to support the findings of the Commission.

From a consideration of the foregoing, the Court is of the opinion and does find that the order of the Tennessee Public Service Commission in this proceeding was supported by material evidence and that the actions of the Commission in this proceeding were in all respects regular and that said Commission did not abuse its discretion or act arbitrarily in issuing its said order of March 8, 1965, all of which is accordingly ordered, adjudged and decreed by the Court."

It is apparent, from this decree, that the Chancellor did, in fact, consider "the entire record before the Commission" in determining whether or not there was material evidence to support the Commission's finding.

■ Appellants have filed in this Court a motion to strike the reply brief of the appellees. Since the result in this case would be the same, with or without appellees' reply brief, there is no real need for this Court to consider appellants' motion.

This Court, having reached the conclusion that appellants' assignments of error are without merit, it follows that the judgment of the trial court will be affirmed. Costs of this appeal are assessed against the appellants.

BURNETT, CHIEF JUSTICE, DYER and CHATTIN, JUSTICES, and HARBISON, SPECIAL JUSTICE, concur.