74

WEST WILSON UTILITY DISTRICT OF WILSON COUNTY,
TENNESSEE, Appellant,

*v.*

Z. D. ATKINS, CAYCE PENTECOST, AND HAMMOND FOWLER
constituting the Tennessee Public Service Commission
and Cumberland Water Company, Appellees.

442 S.W.2d 612.

(*Nashville,* December Term, 1968.)

Opinion filed March 7, 1969.

Opinion on Petition to Rehear Denied July 2, 1969.

PHILLIP REED, Lebanon, MACFARLAND & REED, Lebanon, of counsel, for appellant.

EUGENE W. WARD, General Counsel, Public Service Commission, Nashville, for appellees.

HAROLD SELIGMAN and HOWARD BUTLER, Nashville, for Cumberland Water Co.

CECIL D. BRANSTETTER and PHILIP M. CARDEN, Nashville, amici curiae.

MR. JUSTICE DYER delivered the opinion of the Court.

This appeal challenges the jurisdiction of the Tennessee Public Service Commission (T.C.A. sec. 65-101) to issue to a public utility a certificate of convenience and necessity to operate in a geographical area, which area has been previously designated to a Utility District.

On August 6, 1956, West Wilson Utility District was created by order of the County Judge of Wilson County,

Tennessee, acting pursuant to Chapter 26, Title 6, T.C.A., for the purpose of creating and operating a public water system in a designated geographical area in Wilson County. Cumberland Water Company is a public utility, chartered under the quasi-public corporation statutes of Tennessee for the purpose, inter alia, of creating and operating a public water system and has authority to operate in certain geographical area in Davidson County, Tennessee.

It is proposed there be developed a residential subdivision to be known as Shiloh Park on about three hundred acres of land, of which about one-half is in Davidson County and the other half in Wilson County. The land of Shiloh Park in Wilson County is within the geographical area designated as a service area of the West Wilson Utility District. On May 6, 1966, Cumberland Water Company filed its petition with the Public Service Commission for a certificate of convenience and necessity to operate, inter alia, a public water system in Shiloh Park, both in Davidson and Wilson Counties. The Public Service Commission, after a full hearing, granted the certificate and upon appeal by writ of certiorari the Chancery Court of Davidson County sustained this action. West Wilson Utility District appeals.

We are here faced with the question of whether the Public Service Commission had jurisdiction to issue to Cumberland Water Company a certificate of convenience and necessity to operate a public water system in that area of Wilson County where West Wilson Utility District has previously been granted authority by order of the County Judge of Wilson County to operate a public water system. The area of Shiloh Park in Davidson County is not here at issue.

It should be noted the Public Service Commission claims no jurisdiction over West Wilson Utility District by virtue of T.C.A. sec. 6-2613; nor is it disputed the Public Service Commission does have jurisdiction over the Cumberland Water Company.

The case of *Chandler Investment Co. v. Whitehaven Utility District of Shelby County*, 44 Tenn.App. 1, 311 S.W.2d 603 (1957), involved the same statute at issue in the case at bar; that is Chapter 26, of Title 6, T.C.A. In this case Chandler proposed to construct a residential subdivision within the geographical area of Whitehaven Utility District. Chandler by declaratory judgment action sought to have the utilities furnished the subdivision by another utility, in this case the Memphis Light, Gas and Water Division of the City of Memphis. The Court, in an opinion by Judge Carney, after going into considerable detail in examining the Code sections, Chapter 26, of Title 6, held:

> The provisions of T.C.A. Section 6-2607 quoted above provide the only method by which the exclusive franchise awarded to the Whitehaven Utility District may be modified; i. e., that the Quarterly County Court of Shelby County adjudicate that the public convenience and necessity requires other or additional services. Hence, we hold that the sole recourse available to the Chandler Investment Company, if it is dissatisfied with the services offered by the Whitehaven Utility District, is to petition the Quarterly County Court of Shelby County under the authority of T.C.A. Section 6-2607 to establish that the public convenience and necessity requires that the exclusive franchise to furnish water, fire protection and sewerage service granted to the Whitehaven Utility District be modified

so as to permit other agencies, possibly the City of Memphis Light, Gas and Water Division, to furnish water to the complainant and other potential customers within the vicinity of complainant's subdivision. 44 Tenn.App. at 24-25, 311 S.W.2d at 613.

This holding in *Chandler* has since been approved by this Court in the following cases: *City of Crossville v. Middle Tennessee Utility District*, 208 Tenn. 268, 345 S.W.2d 865 (1961); *Consolidated Gray-Fordtown-Colonial Heights Utility District v. O'Neal*, 209 Tenn. 342, 354 S.W.2d 63 (1962); *Whitehaven Utility District of Shelby County v. Ramsey*, 215 Tenn. 435, 387 S.W.2d 351 (1964)

█ The case at bar is controlled by the holding in the *Chandler* case. West Wilson Utility District has an exclusive franchise to construct and operate a public water system in its designated geographical area which includes that part of Shiloh Park in Wilson County. The only method by which this franchise can be altered or modified in any way is by a petition filed in the County Court of Wilson County for that purpose. The action on any such petition is subject to appellate review, See *Pace v. Garbage Disposal District of Washington County*, 54 Tenn.App. 263, 390 S.W.2d 461 (1965).

The logic of the *Chandler* decision is compelling. If upon creation of a utility district any other agency, including the courts, be allowed by any method to modify the geographical area in the district without the matter being first heard by the creating agency (County Court) could result in utter chaos.

The chancellor cited the case of *Briley v. Cumberland Water Company*, 215 Tenn. 718, 389 S.W.2d (1964). In

the *Briley* case the utility (Cumberland Water Company) filed its petition with the Public Service Commission requesting the issuance of a certificate of convenience and necessity for geographical area of Davidson County where it had not previously operated. The issue on appeal was whether under T.C.A. sec. 65-2706 the utility had to obtain the consent of or a franchise from the local political subdivision, in this case Davidson County, as a condition precedent to the Public Service Commission issuing the certificate of convenience and necessity.

In the *Briley* case no question was made as to the jurisdiction of the Public Service Commission to issue the certificate of convenience and necessity for the area at issue as in the case at bar. In the *Briley* case it was not claimed anyone had a franchise for the area in issue. In the case at bar, West Wilson Utility District has an exclusive franchise for the area. The *Briley* case is not applicable to the case at bar.

■ It results that the Public Service Commission exceeded its jurisdiction in issuing to Cumberland Water Company a certificate of convenience and necessity to operate a public water system in that geographical area of Shiloh Park in Wilson County, which is within the designated geographical area of West Wilson Utility District. The order of the Public Service Commission insofar as it applies to the operation of a public water system by Cumberland Water Company within the designated area of West Wilson Utility District is void; otherwise, the order of the Public Service Commission is approved.

BURNETT, CHIEF JUSTICE, and CHATTIN and CRESON, JUSTICES, concur.

HUMPHREYS, JUSTICE, not participating.