**WESTLAND DRIVE SERVICE COMPANY, INC., Appellant,**

v.

**CITIZENS & SOUTHERN REALTY INVESTORS et al., Appellees.**

Court of Appeals of Tennessee, Eastern Section.

June 14, 1977.

Certiorari Denied by Supreme Court Nov. 7, 1977.

Robert G. McDowell of Baker, Worthington, Crossley & Stansberry, Knoxville, for Westland Drive Service Co., Inc.

Lamar Alexander of Dearborn & Ewing, Nashville, for Citizens and Southern Realty Investors, Commerce Union Bank, d/b/a Timbers West Apartments, and Harvey Freeman & Sons, Inc.

W. W. Kennerly of Kennerly, Montgomery, Howard & Finley, Knoxville, for City of Knoxville and Knoxville Utilities Bd.

Eugene W. Ward, Gen. Counsel, Tennessee Public Service Commission, Nashville, amicus curiae.

## OPINION

PARROTT, Presiding Judge (E. S.).

Westland Drive Service Company, Inc. has appealed from the chancellor's dismissal of its suit seeking to require Timbers West Apartments to purchase water from Westland instead of Knoxville Utilities Board [KUB].

Timbers West, a 320 unit apartment complex, was constructed in 1972 and, by agreement, KUB began furnishing water to Timbers West on November 16, 1972. The apartment complex is immediately adjacent to and outside the Knoxville corporate limits, but receives water from KUB at a meter located within the city limits of Knoxville. KUB, organized under the charter provisions of the City of Knoxville, has exclusive rights to furnish water within the city limits of Knoxville. The lines from the KUB meter to the apartments were installed and are owned by Timbers West. It is undisputed that all of Timbers West is situated within the boundaries of Westland's certificate of public convenience and necessity issued by Tennessee Public Service Commission authorizing Westland to do business as a private water utility.

On November 23, 1973, Westland filed a complaint with the Commission complaining of Timbers West's being furnished water by KUB within Westland's franchise area. After a hearing of that complaint, the Commission issued an order finding "that Westland Drive Service Company, Inc., has the exclusive franchise heretofore granted by this Commission to provide services throughout its certified area." The Commission's order denied the issuance of a show cause order to restrain Timbers West from using water other than that furnished by Westland. However, the last provision of the order directs Westland to immediately proceed in a court of equity to insure that its franchise area is not infringed upon by KUB, Timbers West, and other future customers. It was admitted during argument and in the Commission's amicus curiae brief filed in this court that the Commission has no jurisdiction over KUB nor does it have any enforcement powers over Timbers West or other customers of Westland.

After the Commission's order, on November 18, 1975, Westland filed this suit and, as amended, seeks to enjoin KUB from furnishing water to Timbers West and asks Timbers West be enjoined from purchasing water from KUB. The suit also seeks money damages.

In this appeal Timbers West argues the chancellor erred in his scope of review of the order of the Commission in that Westland was required to show an ability to provide adequate water service, thus rendering the order of the Commission ineffective, such determination being within the exclusive jurisdiction of the Commission. We cannot agree with appellant's contention.

This is not a review of a Commission order as provided by T.C.A. 4–523 or T.C.A. 65–220 wherein the review of the chancellor is limited for the purpose of determining

whether the Commission has acted arbitrarily or in excess of its jurisdiction or otherwise unlawfully. *City of Whitwell v. Fowler*, 208 Tenn. 80, 343 S.W.2d 897 (1961). This is an independent action in which Timbers West and KUB are charged with a violation of Westland's rights and obligations to provide water utility service within Westland's franchise boundaries, and not an action to review or enforce a Commission order.

Therefore, the Commission's order had no binding effect on the chancellor; neither was he required to give it full faith and credits as is insisted by the appellant. At the most, the Commission's order was merely persuasive evidence.

■ Westland's cause of action against KUB is primarily predicated on KUB's alleged violation of T.C.A. 6–319, as amended. The amendment relied on by Westland became effective on April 5, 1974, almost two years after KUB began furnishing water to Timbers West, and provides in pertinent part:

Notwithstanding any other law, public or private, to the contrary no municipality may render utility water service to be consumed in any area outside its municipal boundaries when all of such area is included within the scope of a certificate or certificates of convenience and necessity or other similar orders of the Tennessee public service commission. . . .

Westland complains of the chancellor's holding the 1974 amendment to be inapplicable and in effect, unconstitutional. However, we do not have to reach the constitutionality of the 1974 amendment because the amendment does not have a retrospective application but operates only prospectively.

■ It is generally accepted that an act of the legislature is given a prospective and not a retroactive force unless the retroactive force is plainly expressed and plainly implied by the act. Also it is the court's duty to strictly construe a statute against retroactive operation and in favor of prospective operation. *McEwen v. Den*, 65 U.S. 242, 16 L.Ed. 672 (1860); *State v. City*

*of Columbia*, 210 Tenn. 514, 360 S.W.2d 39 (1962). Prior to the above amendment it was not a violation of the Tennessee statutes for KUB to serve Timbers West. See T.C.A. 6–604, 6–1304, 6–1408. Having held that the 1974 amendment has no retrospective application, the amendment would have no effect on KUB and Timbers West's valid 1972 agreement.

■ There remains for our consideration Westland's assignment of error directed to the chancellor's permitting a witness to testify from computer printouts of water pressure and flow tests, which he did not make, as to KUB's ability to provide adequate fire service. We do not see this to be prejudicial error. The fact the witness did not make the tests would only go to the weight of his testimony. Even if the admission of this testimony was error, we find ourselves unable to say that it is prejudicial but would only be harmless. T.C.A. 27–117.

■ From examination of the record we do not find that the evidence preponderates against the chancellor's finding that it would be inequitable and unjust to require Timbers West to disconnect from KUB's service and hook on to Westland's facilities. The proof shows that a change over would generate a cost to Timbers West of from $13,000.00 to $50,000.00. In addition to the change over cost, there would be an increase in cost of water used of $4300.00 per year. Certainly, these increased costs and expenditures would be a detriment to Timbers West and have the effect of devaluing the property.

For the foregoing reasons, let all assignments of error be overruled, and the costs of this cause taxed to appellant.

SANDERS, J., and WILLIAM I. DAVIS, Jr., Special Judge, concur.