Brock *v.* Foree *et al.*

(*Knoxville*, September Term, 1934.)

Opinion filed November 30, 1934.

Peace & Sloan, of Madisonville, for appellant.

Stewart & Taylor and Candler & Hitch, all of Athens, for appellees.

130

MR. JUSTICE McKINNEY delivered the opinion of the Court.

By the supplemental bill complainant, who is the jail physician for McMinn county, questions the jurisdiction of the county court of that county to remove him upon charges of "inefficiency, incompetency, and gross and extreme extravagance and waste of the County funds, and his inability to properly perform the office of Jail Physician."

The defendants demurred to the bill upon the ground that the county court had such authority. The chancellor sustained the demurrer and dismissed the bill.

The involved provisions of the Code are as follows:

5778. "It shall be the duty of the county courts, where there are jails in their counties, at the January quarterly term, every four years, to elect or appoint a jail physician for their respective counties, who shall hold office for four years, and whose duty it shall be to order medical and surgical attention to patients of the county confined therein awaiting trial, or who are under conviction by the courts of the county."

5779. "No person shall be qualified to hold the office of county jail physician or health officer who is not a graduate of a reputable medical school."

5780. "Any person who shall hold said position of county jail physician or health officer or undertake to discharge the duties of such office, without being so qualified, shall be guilty of a misdemeanor, and be fined not less than ten dollars nor more than twenty-five dollars, for each offense, and each day any person shall undertake to hold said office, or perform the duties thereof,

without being so qualified, shall constitute a separate offense."

The bill alleges that complainant was elected jail physician to succeed himself for four years at a salary of $300 per annum by the quarterly county court at its January, 1932, session, and that since that time he has performed and discharged all of the duties pertaining to the office.

The quarterly county court, at its October term, 1933, adopted resolutions containing the above charges and requiring complainant to appear before said court at an adjourned term to be held on the sixteenth of said month to answer same. A copy of the resolution was served upon complainant, whereupon the supplemental bill herein was filed for the purpose of enjoining said court from proceeding against him further, upon the averment that it was acting illegally and without authority.

It is conceded that neither the Constitution nor any statute confers such authority upon the county court, but the county court relies upon the universal principle that the right of removal is an incident of the right of appointment. There is an equally well recognized exception to that rule, viz., that the right of removal does not exist in the appointing power, in the absence of some constitutional or statutory provision, where the term of the official is fixed by law for a definite period. 46 C. J., 985; 22 R. C. L., 562; note Ann. Cas. 1914B, 524, where many cases are collected which support the exception. We have been referred to no case to the contrary. In the cases cited by counsel for defendants there was a provision in the appointing statute for removal for cause, or for other specified reasons.

County courts have only such jurisdiction and powers

as have been expressly vested in them by enactments of the Legislature. *Judges' Salary Cases*, 110 Tenn., 370, 75 S. W., 1061. Jurisdiction to remove under the Ouster Act is conferred upon the circuit, chancery, and criminal courts. Code, section 1878.

It follows that since the county court has no authority to remove the jail physician, in its attempt to do so it was acting illegally, and it will be enjoined from proceeding further in the matter, as prayed in the bill.

The decree of the chancellor is reversed, the defendants are taxed with the costs, and the cause remanded for further proceedings.