Dwayne GAMBLIN, Plaintiff–Appellant,

v.

The TOWN OF BRUCETON, Tennessee,
et al., Defendants–Appellees.

Court of Appeals of Tennessee,
Western Section, at Jackson.

Oct. 16, 1990.

Application for Permission to Appeal
Denied by Supreme Court
Dec. 31, 1990.

Charles H. Farmer, Mark S. Hendrix, Jackson, for plaintiff-appellant.

David E. Parish, Huntingdon, for defendants-appellees.

CRAWFORD, Judge.

Plaintiff, Dwayne Gamblin, appeals from the judgment of the chancery court in favor of the defendants, the Town of Bruceton, et al. In May, 1987, plaintiff filed his complaint against the Town of Bruceton and five named individuals which constituted the Board of Aldermen of the town. Plaintiff alleges that he was the town recorder of the Town of Bruceton and was fired from his job during a meeting of the Board Aldermen held May 16, 1987. He avers that he was given no grounds for his dismissal, had no advance notice of the meeting and that the meeting was in contravention of the Open Meetings Law. He further avers that the Board of Aldermen had no authority to terminate his employment and that he was deprived of his position without due process in violation of 42 U.S.C. § 1983. The complaint prays for an injunction requiring defendants to reinstate the plaintiff to his employment with full back pay and benefits. He also prays for damages and attorney fees.

Defendants' answer denies that plaintiff was dismissed as town recorder, but avers that the Board of Aldermen, as authorized by the Charter of the town, simply appointed a new town recorder. The answer further denies that there was any violation of the Open Meetings Law and joins issue on the remaining allegations of the complaint. The answer further sets out acts of misconduct on the part of the plaintiff which defendants allege warranted his removal from the office as town recorder.

Plaintiff subsequently filed a motion for summary judgment. On May 13, 1988, the court entered an order denying the motion for summary judgment. The order recites

that the court found that there was no violation of the Open Meetings Law, but the court found that under the charter, ordinances and personnel policy procedures of the Town of Bruceton the plaintiff was entitled to notice of the town's intention to remove him. He was not afforded the protection of the personnel policy procedure adopted by the town. The court also ordered the Board to give notice to the plaintiff of the charges against him and to grant a public hearing to the plaintiff if he so requested.

Subsequently, other proceedings were held by the Board of Aldermen. The history of the proceedings are set out in the memorandum opinion of the chancellor filed January 30, 1990 from which we quote:

> The plaintiff, a former Town Recorder for the Town of Bruceton, has brought this suit alleging he was wrongfully terminated from his position as Town Recorder for Bruceton. He seeks reinstatement to his former position and damages. The plaintiff was employed by the Town of Bruceton as Town Recorder in September 1978. On April 16, 1987, a newly elected Board of Aldermen called a meeting for the following day at which time the plaintiff was discharged from his duties as Town Recorder. Thereafter, the plaintiff filed this suit on May 26, 1987, and alleges no grounds for his dismissal were given to him nor was he advised in advance of the meeting which resulted in his termination.
>
> On October 3, 1987, the plaintiff filed a motion for summary judgment alleging (1) the called meeting which resulted in the plaintiff's discharge was in violation of Tennessee's "Open Meetings Law" and (2) that under the procedures called for in Bruceton's personnel policy ordinance and Charter, the required procedures involving a notice and hearing relative to the termination were not afforded the plaintiff.
>
> Final briefs from counsel were received on April 3, 1988, and on May 13, 1988, an Order was entered pertaining to the plaintiff's motion for summary judgment which, in effect, reflected that based on

the affidavits presented, there was insufficient evidence presented from which to conclude the Open Meetings Law had been violated. No further evidentiary hearing on this issue was conducted. However, the Court did rule that the plaintiff was entitled to have prior notice of the reasons for any discharge and a hearing, if he desired same, on the reasons for any proposed discharge. No interlocutory appeal was sought by either party.

On June 8, 1988, the plaintiff was advised in writing by the Town of Bruceton of the reasons for his proposed discharge. The plaintiff requested a hearing which was conducted on July 20, 1988. The Board voted to sustain the dismissal of the plaintiff as Town Recorder. At this hearing a dispute arose as to whether newly discovered allegations for a discharge could be presented that were not presented at the time the plaintiff was initially discharged on April 17, 1987. The Mayor, as presiding officer of the hearing, determined that the evidence should not be considered. The Town's attorney presented a motion to this Court in June 1989 relative to whether the newly discovered evidence should have been considered at the hearing conducted on July 20, 1988. The Court, by Order entered June 30, 1989, ruled that evidence could be considered by the board in determining whether to discharge the plaintiff, even though the "newly discovered" evidence had not been presented at the initial hearing on April 17, 1987. No interlocutory appeal was sought by either party.

Another hearing before the Board was scheduled for August 22, 1989, in order to consider the additional evidence as authorized by the Court. At this time, the hearing was conducted before a newly elected Board of Aldermen, none of whom had served on the Board at the time of the hearing conducted on July 20, 1988.

Based on the evidence presented at the hearing on July 20, 1988, as well as the additional evidence presented at the Au-

gust 22, 1989 hearing, the Board voted that "we don't reinstate" the plaintiff. Apparently all parties agreed that the transcript from the July 20, 1988 discharge hearing was to be considered as evidence before the new Board in making any decisions.

The parties requested that they be allowed to submit briefs on the issues to be resolved by this Court and the final brief was received by the Court on December 1, 1989.

According to the brief of counsel for the defendants, the defendants now rely upon only two reasons for discharging the plaintiff.

1. The plaintiff misappropriated city funds through the payment of personal insurance premiums with the Town of Bruceton's funds, and,

2. The plaintiff displayed a generally uncooperative attitude toward the general public of the Town of Bruceton.

In *Huddleston v. City of Murfreesboro*, 635 S.W.2d 694 (Tenn.1982), it is noted that a trial court's role in reviewing the discharge of a municipal employee should be to "determine from the evidence filed before the lower tribunal whether that tribunal acted arbitrarily, illegally or without material supporting evidence." *Huddleston*, p. 696.

The evidence presented to this Court for review in accordance with *Huddleston* consists of two transcripts of the hearings before the Board of Aldermen conducted on July 20, 1988, and August 22, 1989.

\*     \*     \*

Needless to say, the procedure used in this case is most unusual and unknown to this Court's previous experience. Plaintiff filed a complaint seeking reinstatement to his position and damages. He did not seek review of the Board's action by writ of certiorari which, if there had been a wrongful dismissal, would have been proper procedure as we understand it. The chancellor indicated that he was reviewing the proceeding before the Board as he would under a writ of certiorari. This was not a proceeding to review the action of the administrative tribunal. In any event, we are totally unfamiliar with the procedure that was used in this case which allowed the case to remain in the trial court for "supervision" of the administrative proceedings.

In passing we should comment that if the matter were to be treated as a common law writ of certiorari, we find from a review of the record that there is material and substantial evidence to support the Board's decision and that the Board did not act arbitrarily and illegally. See *Lansden v. Tucker*, 204 Tenn. 388, 321 S.W.2d 795 (1959).

Although the trial court was dealing with the provisions of the Charter for the Town of Bruceton and the Ordinances for the Town of Bruceton, we cannot find where they were admitted into evidence in the case. However, the parties in their briefs have relied upon and referred to the various provisions of the Charter and Ordinances and thus in effect stipulated to the admission of the Charter and Ordinances into evidence.

■ The Charter of the Town of Bruceton provides that the members of the Board of Aldermen are elected for a two year term. The Charter further provides as to the appointment of the Town Recorder:

\*     \*     \*

Section 3.04. *Town recorder—appointment and duties.* The board shall appoint a town recorder who shall have the following powers and duties as may be provided by ordinance not inconsistent with this Charter: ...

Plaintiff argues that he is an employee and therefore entitled to the benefit of the town's employee personnel policies established by ordinance. We cannot agree with this argument. The Bruceton Charter plainly provides for the appointment of the town recorder by the Board of Aldermen. In *Sitton v. Fulton*, 566 S.W.2d 887 (Tenn. App.1978), this Court, quoting from 67 C.J.S. *Officers* § 2, said:

"Public officer" has been defined as an incumbent of a public office; an individual who has been appointed or elected in a

manner prescribed by law, who has a designation or title given him by law, and who exercises the functions concerning the public assigned to him by law.... 566 S.W.2d at 889. It is clear that Gamblin is a public officer or official and not an employee.

■ While it is true that defendants' answer in the trial court and their brief in this Court assert that Gamblin's employment was not terminated but merely that he was not re-appointed, they cite no authority concerning the appointment and removal of public officials. However, this Court, through its own efforts, was able to ascertain the applicable law. 56 Am.Jur.2d *Municipal Corporations* § 154 (1971) states:

> ... [t]he general rule followed in nearly all jurisdictions now is that the appointment and removal of public officers is a governmental function, and a municipal council cannot engage a public officer by contract for a term extending beyond that of its own members, so as to impair the right of their successors to remove such officers and to appoint another in his place....

56 Am.Jur.2d *Municipal Corporations* § 255 (1971) states in pertinent part:

> ... The term of a municipal office, as distinguished from a mere employment, cannot be established by contract, and if it is not established by statute or ordinance, the board of municipal officers having the power of appointment cannot make a binding contract engaging a person for a public office for a term extending beyond their own. In other words, the term of an appointed officer, not prescribed by statute, expired with the expiration of the term of the appointing body....

■ The right of removal from office is an incident to the right of appointment unless the term of the official is fixed by law for a definite period. See *Brock v. Foree,* 168 Tenn. 129, 76 S.W.2d 314 (1934).

In the case at bar, plaintiff is a public official appointed by the Board of Aldermen, pursuant to the city charter. The city charter provides for no fixed term of office for the town recorder and therefore the term of office cannot extend beyond the two-year term of office of the appointing authority, the Board of Aldermen. Plaintiff was not removed from office by the Board of Aldermen, the new Board merely refused to re-appoint him in April, 1987.

■ The chancellor entered judgment for the defendants but did so based upon the theory of the alleged wrongful termination of plaintiff's employment. As we previously noted, we do not agree with the chancellor's decision that plaintiff is an employee subject to the personnel procedures of the town. However, we do agree with the result. This Court will affirm a decree correct in result but rendered upon different, incomplete or erroneous grounds. *Hopkins v. Hopkins,* 572 S.W.2d 639 (Tenn.1978).

The judgment of the trial court is affirmed and this case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed against the appellant.

TOMLIN, P.J. (W.S.), and FARMER, J., concur.